Miller, J.
l. evidence: opinion: damages. I. The bill of exceptions shows that plaintiff had offered evidence tending to prove that in the year 1855 he erected a two-story brick dwelling-house on .. , , ^ . , , -.°n the lots in question, with, stable and other outbuildings, shrubbery, shade and fruit trees, fences, etc., and has resided on and in the same ever since, and still resides there; that prior to the time of excavating, as alleged in his petition, he had never suffered any damage or inconvenience from the rains or accumulation of water in the street in front of him; that when he built, he did so according to the grade of the street furnished him by the street engineer of the *257 city; that in the summer and autumn of 1867, the defendant caused the street to be graded as stated in plaintiff’s petition; that, in consequence of said grading or excavating, the water was made to accumulate in the street in front of plaintiff’s property, by reason of which he has been deprived of the free use and enjoyment of the same, rendering the ingress and egress at times impossible, and at all times dangerous and inconvenient; that, in consequence of the standing and stagnant water occasioned by said excavation, plaintiff was deprived of the free use and enjoyment of his property, and that said property had been injured and greatly damaged thereby.”
Plaintiff’s counsel then asked the plaintiff, as a witness, “ How much and in what way has said property been injured in consequence of the injuries complained of?” This question was objected to, the objection sustained by the court, and plaintiff excepted. The court, however, allowed this and other witnesses to state “ in what waríj ” the property was damaged, “ and to give the items making up the aggregate of such damage, and the actual damage sustained, if hnown, by them, but were not permitted to give an opinión as to the damages sustained.” The witness was also asked whether the property was damaged in consequence of the injuries complained of, to which he answered in the affirmative.
The witness was then asked “ How much ?” To which the defendant objected. The objection was sustained and the plaintiff excepted.
There was no error in this ruling. The witness was permitted to testify to the facts showing in what manner the plaintiff’s property was injured, and to give, in the language of the bill of exceptions, the items making up the damages,” and also to state what it would require to make the plaintiff whole. But the opinion of the witness as to how much, in the aggregate, the plaintiff’s property *258 had been damaged, the court properly held to be inadmissible. The general rule is that witnesses must testify to facts only, and that their 'opinions are not receivable except on questions of science, skill or trade, or others of the like kind. 1 Greenl. Ev. §§ 440, 400 a. Opinions of witnesses of the value of property which is the subject of litigation are admissible, but not their opinions of the amount of damages sustained. Wyman v. Lex. & W. C. R. R. Co., 13 Met. 310; Anson v. Dwight, 18 Iowa, 241, and numerous cases there cited. See, also, Grinnell v. The M. & M. R. R. Co., id. 570; Prosser v. Wapello Co., id. 327, 330. In. the case last cited Dillon, J., delivering the opinion of the court, says: “ The furthest courts have gone is to allow witnesses, otherwise properly qualified, to give opinions as to the value of property. To go further, and allow them to give opinions of the damages to property in a given case, would make them perform the functions of the jury.”
damages : pieaaingf evidence. II. The plaintiff further asked the witness to state, “ How much less is your property now worth than it was before the excavations were made as complained And the further question: “Is the property rendered less valuable ?” These ques-
tions being objected to and the objections sustained by the court, the appellant complains that the court erred in so doing.
The petition alleges no cHrect injury to the plaintiff’s property, but that by reason of the negligence and unskillfulness of the city, in doing the grading of certain streets, pools of water, etc., accumulated and stood thereon in front of plaintiff’s residence, thereby rendering ingress to and egress from the same dangerous and inconvenient. The inquiry, therefore, should have been confined to such injury to the use of the property as was cafised by the negligent acts complained of, and could not properly, under the case made in the petition, include any deprecia *259 tion in the value of the property itself in consequence of grading the streets.
III. The plaintiff also proposed to prove, as an item of damages, the value of curbing which it was shown had fallen down and become buried up, in consequence of cutting down the streets by the city. The court, on defendant’s objection, excluded the evidence. Plaintiff excepted, and assigns this ruling as error.
There is no claim made in the petition for any injury to the curbing, nor, as has been seen, of any dweot injury to the plaintiff’s property, of which this curbing formed a part. The proposed evidence, therefore, was entirely outside the plaintiff’s case, as stated in his petition, and there was no error in its rejection.
3iroNi®pAL^Iosr’ stpfetsf °f IY. The court below refused to allow the plaintiff to prove that when he built his house he did so by the grade finished him by the city engineer. This ruling is assigned as error.
That the city had authority to grade its streets and change the grade is not denied. If, in the exercise of this authority, the appellant’s property was consequentially injured, he will have no right to compensation, unless such compensation is given by statute, or his property has been injured by the negligence or unskillfulness of the city in doing the work. Creal v. The City of Keokuk, 4 G. Greene, 47 ; Cotes & Patchen v. The City of Davenport, 9 Iowa, 227.
It was immaterial, therefore, whether appellant had erected his residence by the grade thus furnished him or not, for the city might lawfully change the 'grade subsequently, and if it did so in a careful and skillful manner it would not be liable. If it did so negligently or únskillfully, whereby the plaintiff’s property was injured, it would be liable for such injuries, whether appellant had erected his house to the existing grade or not. Thus, if a material portion of the plaintiff’s lot had been washed away, or the *260 building had b'een undermined, walls cracked, etc., and these were the results of negligence or unskillfulness on the part of the defendant, the plaintiff’s right to recover would not be affected by the fact that he had or had not built according to the grade furnished by the city engineer.
The judgment of the circuit court is
Affirmed.