THE TRUSTEES OF THE DIOCESE OF IOWA V. THE CITY OF ANAMOSA.

**Cities and Towns :** CHANGE OF GRADE OF STREET : STATUTES NOT COM-PLIED WITH : LIABILITY. A city cannot, without complying with the terms of the statute, establish or change the grade of its streets, or order or cause the work of grading to be done on its streets, resulting in injury to a property-owner, and escape liability to him. And so, where plaintiffs alleged damage to themselves resulting from a change of the grade of defendant's streets, and that such grading "was not ordered to be done by the affirmative vote of two-thirds of the city council or trustees of said city, as required by law ;" and that defendant did not "by resolution, ordinance or other legislative proceedings, provide for the grad-ing, nor establish the grades of said streets, before cutting down or grading the same, as required by law ;" and that the defendant did not "before thus changing the physical grade of said streets, nor at any time, have the damages caused by said change assessed, appraised or paid, as required by law," *held* that the petition stated a good cause of action.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, JANUARY 18, 1889.

ACTION to recover for injuries sustained by reason of the change of grade of a street of the defendant city. A demurrer to the petition was sustained, and, plaintiff refusing to plead further, judgment was rendered for defendant. Plaintiff appeals.

*Sheean & McCarn*, for appellant.

*Ezra Keeler*, for appellee.

BECK, J.—I. The part of the petition assailed by demurrer is in the following language : "*First count.* Now comes the above named plaintiff, and for its amended petition in said case says that prior to the fifth day of February, 1877, it was, and has since continued to be and now is, a corporation, duly organized under the laws of the state of Iowa. That the above-named defendant, prior to the year 1871, was, and yet is, a municipal corporation, organized and existing under the laws of said state. That said plaintiff since said fifth day of February, 1877, has been, and now is, the absolute owner in fee-simple of the following described real estate, situated within the corporate limits of said city of Anamosa, Iowa, to-wit : Lot No. 6, in block No. 4, in Shaw's addition to said city. That said real estate fronts for sixty feet, on the north end thereof, on Pine street, and on the west side, for one hundred and ten feet, on Garnavillo street, in said city. That prior to the year 1886 there was erected on said real estate a church edifice, and a costly stone wall along the north front and along a portion of the west side ; also sidewalks and other improvements,—all of which are yet on said premises. That in 1871 said defendant made a survey of the grades of said streets adjacent to said real estate, where said streets run along the west and north lines of said real estate, and set grade stakes to correspond with said survey, made a plat of said grade as thus surveyed, and kept the same since said time in the office of the city clerk of said city for the guidance of the officers of said city, and owners of abutting lots, in

putting down sidewalks, curbing and crossings along said streets. That prior to the year 1886 said defendant put down stone crossings on said streets in front of, and north and east and west of, said real estate, on the grade thus surveyed and platted in accordance with said grade, and that under the orders and directions of said defendant the owners of said real estate cut down the grade thereof along the whole north front, and along the whole of the west side, so as to correspond with said grade, and put down sidewalks along said whole north front and west side thereof in accordance with said grade, and also erected expensive stone walls along the whole of said north front, and along a portion of said west side, and made other improvements corresponding with said grades. That during the year 1886 said defendant unlawfully, wrongfully, and in violation of plaintiff's rights, excavated, cut down and removed the earth from said streets adjacent to said real estate, along the whole north front to the depth of about five feet below said grade, and along the whole of the west side thereof to the depth of about six feet below said grade. That said cutting down or grading of said streets was not ordered to be done by the affirmative vote of two-thirds of the city council or trustees of said city, as required by law, nor did said defendant, by resolution, ordinance, or other legislative proceedings, provide for the grading, nor establish the grades, of said streets, before cutting down or grading the same, as required by law, nor did said defendant, before thus changing the physical grade of said streets, nor at any time, have the damages caused by said change assessed, appraised nor paid, as required by law; but, on the contrary, the said defendant proceeded, as aforesaid, unlawfully, wrongfully, and in violation of plaintiff's rights, to cut down, excavate and remove the earth from said streets, to the injury of said real estate, and the damage of said plaintiff in the sum of ———," etc. The defendant demurred to the petition on the ground that " the facts therein stated do not entitle the plaintiff to the relief demanded, because it does not appear that

any grade was ever established on the streets mentioned, or that plaintiff made any improvements to conform to any established grade on said streets, or that defendant ever caused the grade of said streets to be changed, or that plaintiff has sustained any damages on account of any unlawful act or negligence of said defendant." The demurrer was sustained, and, plaintiffs standing on their petition, judgment was rendered for defendant.

II. In our opinion, the petition alleges a sufficient cause of action against defendant. The following provisions of the Code are to be considered and applied in the determination of the case: "Sec. 465. They [cities] shall have power to provide for the grading and repair of any street, avenue, or alley, and the construction of sewers; * * * but no street shall be graded, except the same be ordered to be done by the affirmative vote of two-thirds of the city council or trustees." Section 469 provides that "when any city or town shall have established the grade of any street or alley, and any person shall have built or made any improvements on such street or alley according to the established grade thereof, and such city or town shall alter said established grade in such a manner as to injure or diminish the value of said property, said city or town shall pay to the owner or owners of said property so injured the amount of such damage or injury, which shall be assesed by three persons. * * *" Prior to this statute, cities were not liable for injuries resulting from establishing or changing the grade of their streets, if it were prudently done, in the exercise of its authority as prescribed by law. *Creal v. City of Keokuk*, 4 G. Greene, 47. The powers of the city are to be carried into effect and discharged through the provisions of ordinances enacted by the city. Code, sec. 482. It cannot be claimed that the city, without the enactment of an ordinance prescribing therefor, may establish or change the grade of its streets, or may order or cause the work of grading to be done upon the street, which results in injury to a property-owner, and escape liability to him. If the city may establish and change the grades of a street, and direct

the work to be done without the required ordinances, and incur no liability therefor, then could it, by dispensing with ordinances, make and change grades without incurring liability to the property-owner who is injured thereby, thus defeating the requirements of law? The city must exercise its power in the manner prescribed by its charter. If authority be conferred upon it to establish grades, and cause streets to be graded by ordinances, these things cannot be done in any other way. The city must pursue the law granting it authority. It cannot do, by the acts of its exeĉutive officers, or by simple resolution or direction of a majority vote of its council, that which its charter says shall be done by ordinance adopted by a two-thirds vote. *City of Burlington v. Kellar*, 18 Iowa, 59; *Noyes v. Mason City*, 53 Iowa, 418.

Now, whether we regard the act complained of in the petition as the change of grade, or the original establishing of a grade, and the construction of the street in accord therewith, it was not done by an ordinance, resolution or other action of the city had in the manner and upon the vote of the council prescribed by the statute (Code, sec. 465), and if it be, indeed, a change of grade, the requirements of Code, sec. 469, were not observed. In either view, we must regard the act complained of in the petition as not done in compliance with law, and hold that defendant is liable therefor.

In our opinion, the district court should have overruled the demurrer.

REVERSED.