S. J. RICHARDSON v. CITY OF WEBSTER, City, Appellant.

**Cutting Down Street:** RESPONSIBILITY FOR DAMAGE: *Cities.* Where, as a result of cutting down a street on which no grade had been established, the abutting property is made more difficult of access, a retaining wall is rendered necessary, and shade trees standing in the street are injured or destroyed, the injury is such as to entitle the property owner to recover damages of the city.

| | |
|---|---|
| 111 | 427 |
| f113 | 221 |
| 113 | 222 |
| 113 | 475 |
| 111 | 427 |
| 114 | 74 |
| 111 | 427 |
| p115 | 513 |
| 111 | 427 |
| c117 | 632 |
| 111 | 427 |
| 120 | 439 |
| 120 | 558 |
| 111 | 427 |
| 127 | 422 |
| 111 | 427 |
| 130 | 575 |
| 111 | 427 |
| 136 | 158 |
| 136 | 439 |
| 136 | 441 |

PRIMA FACIE EVIDENCE OF LIABILITY. Evidence that work in cutting down a street was done by the city street commissioner, that it extended over a period of six weeks, and that the city disposed of some of the dirt, is sufficient to make a *prima facie* case against the city, as the party responsible for the injury caused to the abutting property by such work.

MEASURE OF DAMAGES. In an action for injuries to abutting property resulting from cutting down a street on which no grade had been established, and where no part of plaintiff's property is taken, the measure of damages is the difference between what the property was fairly worth on the market before the work was done, and what it was so worth thereafter.

EVIDENCE OF VALUE: *Conclusions.* In an action against a city for damages to abutting property from cutting down a street, it is not competent to ask a witness as to what, in his opinion, is the difference in the value of the plaintiff's property at the time of trial and immediately before the cutting was done, or as to how much less is the value of the premises in question since the cut was made than it was before, as such questions call for the conclusions of the witness.

COMPETENCY. The question as to whether plaintiff's property is any better than lots owned by a witness on another corner of the same street, or as to what lots had been sold for in the part of town where plaintiff's property is situated, is not competent for the purpose of showing what other property in the vicinity of that of the plaintiff has sold for; assuming that to have been the purpose.

**Appeal:** ESTOPPEL. An appellant is not precluded from taking advantage of exceptions taken to incompetent testimony, although he has introduced similar testimony in his own behalf.

*Appeal from Hamilton District Court.*—HON. B. P. BIRDSALL, Judge.

THURSDAY, MAY 17, 1900.

PLAINTIFF is the owner of a tract of real estate in defendant city which abuts, one side upon division street, and another side on Funk street. On this property is a house, barn, and other improvements, in the way of shrubbery. There were trees, also, in front of the property, on both streets, just outside the sidewalk line. No grade had been established on either of these streets. In the fall of 1897 the

defendant city—as claimed, without any ordinance, resolution, or vote authorizing it so to do—cut down and excavated both of said streets along the line of plaintiff's property to such a depth as to make a retaining wall necessary, making access to said property difficult, and destroying said trees. Damages in the sum of fifteen hundred dollars are asked. The defense was a general denial. Trial to jury. Verdict and judgment for plaintiff. Defendant appeals.—*Reversed.*

*J. H. Richard* and *Wesley Martin* for appellant.

*D. C. Chase* for appellee.

WATERMAN, J.—We may concede the claim of appellant that, although the act of defendant was wrongful, plaintiff cannot complain of it unless she was injured thereby. But we think there is evidence of some injury. It is thought, however, the injury was not of such a character as to entitle plaintiff to damages. This point we regard as determined against defendant by the cases of *Trustees v. City of Aanamosa,* 76 Iowa, 538, and *Blanden v. City of Ft. Dodge,* 102 Iowa, 441. It is alleged here that plaintiff's property was made more difficult of access, that a retaining wall was rendered necessary, and that certain of the shade trees, in the street, but not obstructing travel, were injured or destroyed. Surely these are all elements of damage. It is also urged on the part of appellant that there is no showing that the city did the work complained of, or was in any way responsible therefor. It was in evidence that the work was done by the street commissioner, that it extended over a period of about six weeks, and that the city disposed of some of the dirt taken from the excavation. This made a *prima facie* case against the city, and no evidence was offered to rebut it.

II.   On the matter of damage, certain questions were asked of plaintiff's witnesses, to which proper objections were

made,—as, for instance, of the witness Richardson: "I will ask you to state how much less in value the premises there are worth since this cut was made than they were before the cut was made." Of the witness Root: "I will ask what, in your opinion, is the difference in value between the property as it now is, and just immediately before the cutting was done." Other witnesses were asked similar questions. While the measure of damages, doubtless, is the difference between what the property was worth before and after the work was done, as we shall attempt later to show, these questions call, not for facts, but mere conclusions. The witness Root, for instance, testified that he could not give the value of the property before or after the injury, yet, in response to the interrogatory we have set out, he answered that its depreciation would be one thousand dollars. In the form asked, these questions called for an expression of opinion by the witnesses as to the amount of damages suffered by plaintiff. This was having the witness usurp the province of the jury, and therefore improper. *Russell v. City of Burlington*, 30 Iowa, 262. In *Renwick v. Railroad Co.*, 49 Iowa, 674, which was an action for damages because of a right of way taken through property for a railway, a witness was asked a question almost identical with those objected to here, viz.: "Tell the jury what was the difference in value of this property before and after the railroad was built." This court held it improper, and the holding is cited with approval in *Hartley v. Railway Co.*, 85 Iowa, 455-467. The ruling in these cases was doubtless induced by the thought that a witness might understand a question so framed as calling for his estimate of the damage done; and such was the understanding of the witness Root in the case at bar; for he knew nothing of the value of the property. It is said by counsel for plaintiff that similar questions were asked by defendant of its witness. This does not prevent it from taking advantage of the exceptions it has preserved.

III.    The city offered testimony that was rejected, and which, it is claimed, tended to show the prices at which other lots had been sold in the vicinity. We do not think the questions ruled out indicate that the purpose was to show this. A witness said that he had owned lots on another corner of these streets some years before. He was asked: "Is the location of one any better than the other, so as to affect the value? If so, what?" The question was ruled out, and nothing further on this line asked. Another witness said he knew of sales of lots in the part of town where plaintiff's property is situated. He was then asked: "What lots were those you testify about being sold?" The exception is taken upon the ruling sustaining an objection to this question. What the ultimate purpose of the examiner was, we have no means of knowing. Standing alone, the question was improper. The matter discussed, viz: that defendant had a right to show what other like property in the vicinity sold for, is not shown by the record to have been presented.

IV.    The court gave the jury, as the measure of damages, the difference between what the property was fairly worth in the market before the work was done and what it was worth thereafter. Defendant's contention is that this rule applies only when the act complained of takes a part or effects a physical change of the realty. Without attempting to distinguish the cases cited, it is enough to say that the rule announced by the trial court is fully sustained in *Finley v. Hershey,* 41 Iowa, 389. We do not understand why the acts here charged are not the same, in legal effect, so far as the measure of damages is concerned, as an unlawful change of grade, as in *Noyes v. Mason City,* 53 Iowa, 418. The damages in such a case would be measured according to the rule given the jury by the trial court. *Dalzell v. City of Davenport,* 12 Iowa, 437; *Hemstead v. City of Des Moines,* 52 Iowa, 305; *Stewart v. City of Council Bluffs,* 84 Iowa, 61. For the reasons given in the second division of this opinion, the judgment will be REVERSED.