MRS. W. M. FARMER v. THE CITY OF CEDAR RAPIDS, Appellant.

**Change of Grade:** GIVES NO ACTION TO ABUTTER: *Except by statute.* The change of grade of a city street does not give an abutting owner injured thereby a cause of action against the city, in the absence of statutes conferring such right.

*Statute construed.* Code, section 785, providing that any property owner who constructs improvements according to the established grade of a city street may recover damages from the city for injuries resulting from a change of grade, does not authorize damages to an abutting property owner who constructs improvements according to the actual grade of the

street, which has never been artificially changed, at a time when there is an ordinance fixing the grade, for injuries to the property resulting from the action of the city in afterwards bringing the street to the established grade; the "established grade," as the term is used in the act, being the grade established by ordinance or other legislative action of the city council.

*Appeal from Linn District Court.*—Hon. W. G. Thompson, Judge.

Friday, April 11, 1902.

Lot 3 in block 13 in Carpenter's Second addition to Cedar Rapids fronts on Ninth street, and is half way between Second and Third streets. A house was built on this lot several years before any grade was established. In 1875 the city, by ordinance, fixed the grade of each of the above streets, practically at the surface in front of lot 3; but in 1886 another ordinance was enacted, fixing the grade from two to three feet higher than that established by the previous ordinance. The plaintiff bought the lot in 1893, and immediately raised it on a stone foundation, comformably to the surface of the street. In 1896 the city raised the surface of the street so as to conform to the grade as fixed by the ordinance of 1886, and the damages occasioned thereby to plaintiff's property are sought to be recovered in this action. From a judgment awarding such damages, the defendant appeals. —*Reversed.*

*John N. Hughes* for appellant.

*Rickel, Crocker & Tourtellot* for appellee.

Ladd, C. J.—The grade established by the ordinance of 1875 had never been acted on by the lot owner or the city. It was superseded by that fixed in 1886 long before the plaintiff improved her property. There existed then in 1893 but one established paper grade for the street. No physical change had been made in the street

prior to 1896, and no alteration in plaintiff's prop-
erty with reference to the street from the time of the construc-
tion of the house, in 1871 or 1872, until the foundation was
placed, in 1893. The situation is this: After the grade was
established by ordinance, the plaintiff, instead of improving
so as to conform to it, so did according to the physi-
cal grade of the street. Damages owing to change in
street grades are purely statutory. *Creal v. City of
Keokuk,* 4 G. Greene, 47; *Russell v. City of Burlington,* 30
Iowa, 262. And even under the statute the land must be
improved conformably to the established grade, and
this physically changed, before recovery may be had;
for a party could not be injured by a mere paper al-
teration of the grade. This appears from the reading of sec-
tion 785 of the Code: "When any city or town shall have
established the grade of any street or alley and any person
shall have made improvements on the same or lots abutting
thereon, according to the established grade thereof, and such
grade shall thereafter be altered in such a manner as to dam-
age, injure or diminish the value of such property so im-
proved, said city or town shall pay to the owner of the prop-
erty the amount of such damage or injury." The grade con-
templated can be established only by ordinance, or other leg-
islative action by the city council. *Kepple v. City of Keo-
kuk,* 61 Iowa, 655; *Blanden v. City of Ft. Dodge,* 102 Iowa,
441. As said in *Dalzell v. City of Davenport,* 12 Iowa, 439:
"It was the intention of the legislature to distinguish between
those cases where the owner had built or made improvements
according to the established grade, and where he had not. If
the owner had done no act upon the faith of the continuance
of the grade as established, there would seem to be no great
impropriety in denying him any possible damages consequent
upon the change. When, however, he builds or makes im-
provements according to the grade,—having acted, as he had
a right to do, upon the supposition that the grade would re-

main unchanged,—his property is brought within the meaning and terms of the statute." In *Ressegieu v. City of Sioux City,* 94 Iowa, 543, the lot owner built according to the grade established,—four or five feet above the surface of the street. Subsequently an ordinance was adopted changing this to the surface, which was one foot above that when the previous ordinance was adopted, and the street was permanently improved in conformity therewith. It was held that "he had the right to assume that when the street was permanently improved it would be on the line of the grade the city had thus established," and he was allowed damages. It seems to us that case is decisive of this. If the lot owner may build in reliance on the street's being brought to grade, he cannot at the same time rely on its remaining as it is, notwithstanding the establishment of a grade. Indeed, the fixing of the grade by ordinance is preliminary to the improvement of the street, and is an assertion on the part of the city to lot owners that such improvement will be made according to the line described. The statute simply awards damages sustained by any who have acted in reliance on this assurance, and, because of the city's subsequently changed plans, been injured. The plaintiff, in what she did, disregarded the grade fixed by the ordinance, but the city improved the street precisely as proposed. All that was decided in *Stritesky v. City of Cedar Rapids,* 98 Iowa, 373, relied on by appellant, was that the city had nothing to do with the physical change in the street, and that the street railway company, if any one, and not the city, was liable. Possibly there might be some advantage in permitting property owners to improve according to the physical grade recognized by the city, instead of that established by ordinance. But there are two insurmountable objections to the adoption of such a rule. It would involve amending the statute quoted, and the overruling of numerous decisions of this court. As we are not inclined to do either, the judgment of the district court must be REVERSED.