J. H. GALLAHER, Appellant, v. THE CITY OF JEFFERSON, ET AL., Appellees.

**Injunction:** STREET IMPROVEMENTS: ISSUES.  In an action to restrain
1 a city from excavating a street, a contention that there was no
valid subsisting sidewalk ordinance under which to act, was im-
material in the absence of an allegation that plaintiff had cause
to complain because of the action of the city looking toward the
construction of a sidewalk.

**Compilation of ordinances.**  The act of a city council in making a
2 compilation of its ordinances in book form as provided in Code,
section 687, is held under the record not to effect a repeal of the
ordinances as they existed at the time of compilation, but the
same remain in force without the statutory formalities of readop-
tion, even though the compilation recites that the ordinances
therein contained are adopted as the revised ordinances of the
city, and is denominated an ordinance.

**Streets:** GRADE ORDINANCES.  An ordinance establishing a grade for
3 the center of a street operates to establish a grade for that portion
of the street occupied by sidewalks and for parking purposes.

**Streets:** GRADING: INJUNCTION.  A court of equity will not enjoin a
4 city from grading a street in conformity with an established grade,
even though the destruction of shade trees may result, in the
absence of a showing that the work involves an unreasonable
change in the street, or will produce unnecessary injury to plaint-
iff's rights.

*Appeal from Greene District Court.*— HON. S. M. ELWOOD,
Judge.

MONDAY, OCTOBER 24, 1904.

PLAINTIFF is the owner of lot 1 in block 15, Gallaher's
Addition to the city of Jefferson, and for many years the
same has constituted his homestead.  The lot faces Oak
street on the east, Maple street on the west, and State street
extends along the side thereof, each street being eighty feet
in width.  Extending along State street are two rows of

shade trees — one in the street and six or seven feet from the lot line, and the other, two feet inside the lot line — all such trees having been planted by plaintiff more than twenty years before the bringing of this action. The complaint made is that the defendant city, through its officers, threatens to excavate said State street to a depth of four or five feet from its present surface, and that such excavation, if made, will result in the destruction of all said trees. Wherefore an injunction restraining the defendants from further proceeding is prayed. Trial upon the merits was had in the court below, and the equities were found to be with defendants. A decree was entered dissolving a temporary injunction which had been granted upon the filing of the petition, the petition was dismissed, and it was adjudged that plaintiff pay the costs of the action. From such decree plaintiff appeals.— *Affirmed.*

*Gallaher & Graham,* for appellant.

*Wilson & Albert* and *S. J. Sayers,* for appellees.

BISHOP, J.— The contentions of plaintiff are four in number, and they may be stated as follows: (1) That the city did not have a valid subsisting permanent sidewalk ordinance under which to act in the premises. (2) That the city did not have, at the time the resolution was passed ordering the construction of the walk in question, a valid subsisting grade ordinance upon which it could act in ordering the construction of permanent sidewalks. (3) The city did not acquire jurisdiction to proceed with the construction of a permanent sidewalk, for that the resolution ordering such construction was published in a newspaper, instead of being served upon plaintiff as the ordinance of the city requires. (4) The excavation as proposed by the city will injure and kill the shade trees of plaintiff, those standing and growing inside of the lot line as well as those standing and growing in the street; that the excavation is not for the safety

and convenience of the public, but is illegal, unreasonable, arbitrary, and unjust, and the acts of the city council in ordering the same are against public policy, and therefore null and void.

I.   We are unable to see how the subject-matter involved in the first ground of contention can be material.   It is not within the issues.   Plaintiff alleges merely that the

1. STREET IM-   street is about to be excavated, and there is no
PROVEMENTS:
issues.   suggestion in the petition that he has any cause for complaint because of any action of the defendant city looking to the construction of a sidewalk.   True, the defendant pleads that its action in ordering the street to be excavated to correspond with the established grade, as claimed by it to exist, was with a view to the construction of permanent sidewalks, and it appears that a notice relative to the construction of a permanent sidewalk along said street was in fact published.   We may concede that a valid subsisting ordinance is essential to the building of permanent sidewalks, or requiring the same to be built, but, as we think, it will be time enough to consider whether such ordinance exists when complaint is made specifically that action along that line is about to be taken.   As the case presented to the trial court, and presented to this court, stands, there is no issue involving the legality of proceedings instituted for the purpose of sidewalk construction; a determination of the issue presented depends alone upon the right of the city to proceed with the work of excavating the street.   A discussion of that question will be found in the subdivision of this opinion which follows.

II.   Without doubt, an ordinance establishing a grade for the street in question was an essential prerequisite to the work of excavating.   We have repeatedly held such to be

2. COMPILATION   the law, and the cases are familiar to the pro-
OF ORDI-
NANCES.   fession.   Defendant pleaded and made proof of an ordinance fixing and establishing a grade for State street, and other streets, passed February 27, 1896.   The

regularity and validity of the proceedings leading up to the adoption of such ordinance is not questioned by appellant, nor does he deny that if the same is still in force the city may properly proceed to bring the surface of the street into conformity with the grade thereby established.   One contention of appellant in respect thereto is that such ordinance is no longer of force or effect, and this for the reason that it is made to appear that in the year 1900 the city council of the defendant city by ordinance provided for the compilation and publication in book form of the ordinances of the city; that therein it was provided that "the hereinafter mentioned ordinances, numbered from chapter 1 to chapter 27 are hereby adopted as, and shall constitute and be denominated the Revised Ordinances of 1900 of the city of Jefferson, Iowa, said ordinances being as follows."   Then follow the ordinances sought to be preserved, of which chapter 20 provides for the establishment of street grades, and the chapter is thus headed.   It is conceded that said chapter 20 is a substantial copy of the ordinance adopted in the year 1896, the principal difference being that in said chapter the figures prescribing the street elevations above datum line vary somewhat from those found in the ordinance as originally adopted and published.   It may be said, in passing, that it is not claimed that any variance exists in respect of the levels prescribed for the streets upon which plaintiff's property abuts.   Much stress is placed upon the fact that chapter 26 of said Ordinances recites that the preceding ordinances are adopted as the Revised Ordinances of the city; that it provides for the publication thereof in book form, and, when so published, to be certified by the city clerk; and "that all public or general ordinances or parts thereof, not included in this revision, except ordinances granting franchises,   *   *   *   and ordinances making appropriations for public expenditure, and ordinances establishing, altering, widening, constructing or vacating streets or alleys   *   *   *   be and the same are hereby repealed."

In addition to the claim that the alleged ordinance of 1900 had the effect to repeal the grade ordinance of 1896, the appellant makes the further and inconsistent claim that the ordinance of 1900 never had any validity for any purpose, and this for the reason — the facts being made to appear by a stipulation covering the same — that the respective chapters of such ordinance have relation to twenty-six different subjects, no one of which is expressed in the title, and that said ordinance was passed at one sitting of the city council, and without a suspension of the rule requiring an ordinance to be read on three separate days. In connection with this contention, appellant calls our attention to the statute which makes it essential to the validity of an ordinance that it contain but one subject, which shall be clearly expressed in the title (Code, section 681); also to a further statute provision to the effect that ordinances of a general or permanent nature shall be read on three separate days, unless three-fourths of the council dispense with the rule (Code, section 682). In view of the record, we may agree in that what was done by the city council did not amount to the adoption of an ordinance. Indeed, as to this there is no controversy, counsel for appellee having frankly stated in argument that the city does not claim for its later act any effect as of an ordinance.

Without further elaboration, we may state the conclusion reached by us to be that what was attempted by the city council at its meeting in 1900, notwithstanding its act is denominated an ordinance, amounted to nothing more than an attempt to provide for the compilation and publication in compact form of the ordinances of the city, and this for convenience of reference as well as for evidential purposes. Such a proceeding is expressly authorized by Code, section 687. The statute does not contemplate, however, the necessity of a readoption of the ordinances of the city; that is, the formal passage of a new ordinance or set of ordinances, which, upon being published, shall stand independently as

the ordinances of the city. It contemplates nothing more than that a published book or pamphlet containing the ordinances of the city, when properly certified, shall be receivable in evidence to establish the passage and existence of any particular ordinance, the provisions of which are contained therein. It being fundamental doctrine that an ordinance cannot be repealed, save through the medium of a subsequent ordinance providing therefor in terms or by necessary implication, it follows that the later act of the city council in question did not have the effect to repeal the grade ordinance of 1896. This view of the situation does away with the several contentions of appellant, and leads to the holding that the city had the right to proceed under the provisions of its ordinance passed in 1896. We think the record, fairly interpreted, makes it clear that the city was thus proposing and attempting to act when the temporary injunction was issued at the instance of plaintiff.

Another matter of contention raised in argument by counsel for appellant may be noticed in this connection. The grade ordinance of 1896, in the first section thereof,

3. STREETS: grade ordinance. designates the base of levels or datum line for the establishing of grades; in the second section it is provided that all grades " shall be calculated for the middle of the streets upon which they are established." Now, it seems to be conceded in the record that at the time this action was commenced the work of grading State street had not only begun, but had proceeded so far as to bring the level of the street between curbs to the level established therefor by the ordinance. Accepting this as being the situation, the work which was stopped by the injunction issued was the grading of that portion of the street, between the curb and the lot line, reserved for sidewalk and parking purposes. The precise contention of counsel for appellant is that such work is unauthorized, for that it cannot be said that the establishment of a grade for the center of a street operates to establish a grade for that portion of

the street designated to be occupied by sidewalks and parking. We think there is no merit in the contention. To begin with, "the term 'street' in its broad sense, includes both the roadway for vehicles and the sidewalk for pedestrians." 27 Am. & Eng. Enc. 103, and cases cited in notes. This is the view taken by our statute. The section of the Code which authorizes the establishment of grades uses the word "street" only, no mention being made of grades for sidewalk purposes. Code, section 782. Again, the city shall have power to provide for the construction of permanent sidewalks "upon any street," etc., "but the construction of permanent sidewalks shall not be made until the bed of the same shall have been graded so that, when completed, such sidewalk will be at the established grade." It must be apparent that by the term "established grade," as thus used, is meant the grade as established for the street. See, also, *Warren v. Henly,* 31 Iowa, 31. But if this were not so, we find, upon turning to the ordinances of the appellant city, that by an ordinance adopted in the year 1887 it was provided that the grade line for permanent sidewalks shall be of the same level as the established grade in the center of the street. It is true that there was a further ordinance upon the subject of permanent sidewalks, adopted in the year 1900, but it does not appear that thereby any attempt was made to repeal the provision occurring in the prior ordinance, and to which we have made reference.

III. As will be observed, the third ground of contention presented by appellant has relation to proceedings said to have been instituted looking to the construction of a sidewalk. What we have said in the first division of this opinion may be taken, therefore, as disposing of such contention. Appellant, as plaintiff in the court below, did not declare in his pleading upon any irregularity or illegality in connection with sidewalk proceedings, and the city was not called upon to defend in respect of any such proceedings. It fol-

lows that the question now sought to be made is not properly before us for determination.

IV.   We have, then, as the remaining question in the case, to determine whether the plaintiff is entitled to a decree enjoining the contemplated work of excavation because of the probable effect thereof upon the trees in question.   It is undoubtedly the policy of the State to encourage the planting and growth of trees.   Where, therefore, it appears that an abutting owner, with the consent or acquiescence of the city, has caused shade trees to be set out in the street along or near the line of his property, the municipal authorities will not be permitted to wantonly or without reasonable cause destroy the same.   And this is true notwithstanding the fact that such trees, upon being planted, inherently become a part of the realty, and title thereto rests in the city as the owner in fee of the street.   *Burget v. Greenfield,* 120 Iowa, 432, and cases cited.   While such policy is to be given recognition in all cases where application of the same can fairly be made, yet the operation thereof cannot be extended so far as to interfere with the proper exercise of municipal powers in respect of that care, supervision, and control of the streets which the statute imposes upon every city (Code, section 753), or the power expressly conferred upon cities to improve its streets by grading, parking, paving, etc.   (Code, section 792.)   All the authorities agree that a city does not lose control of its streets by consenting to or acquiescing in the planting of trees within the limits thereof.   Accordingly, and in the very nature of things, if in the course of time, and in view of the extent and character of the growth of the city, and the improvements fairly demanded by the public consequent thereon, such trees become a nuisance, or an obstruction to public travel, or interfere with proper street improvements, then the power to remove the same cannot be questioned.   This conclusion has support in the following among other cases that might be cited: *Everett v. Council*

4. STREETS: grading; injunction.

*Bluffs,* 46 Iowa, 66; *Patterson v. Vail,* 43 Iowa, 142; *Blanden v. Ft. Dodge,* 102 Iowa, 441; *Burget v. Greenfield,* 120 Iowa, 432; *Baker v. Normal,* 81 Ill. 108; *Vanderhurst v. Tholcke,* 113 Cal. 147 (45 Pac. Rep. 266, 35 L. R. A. 267), and cases cited.

It is for the city authorities to determine to what extent improvements, in character such as are authorized by law, shall be made, and the time of making thereof. And it is fundamental doctrine that, where it is made to appear that a municipality or the officers thereof are acting within powers expressly granted, or those necessarily incident thereto, any interference therewith on the part of the courts is wholly unwarranted, unless fraud or a manifest abuse of discretion is shown. *Moses v. Risdon,* 46 Iowa, 251; *Sheridan v. Colvin,* 78 Ill. 237; *Seifert v. Brooklyn,* 101 N. Y. 136 (4 N. E. Rep. 321, 54 Am. Rep. 664); *Benson v. Waukesha,* 74 Wis. 31 (41 N. W. Rep. 1017); *Foster v. St. Louis,* 71 Mo. 157; *Chase v. Oshkosh,* 81 Wis. 313 (51 N. W. Rep. 560, 15 L. R. A. 553, 29 Am. St. Rep. 863).

The city having the right to establish a grade for the street in question, and having done so, it follows as a necessary corollary that it had the right to excavate in order to make the surface of such street conform to the grade as established. And it cannot be interfered with unless plaintiff has made it appear, either that the grade as fixed involves an unnecessary change in the surface of the street, and hence is unreasonable, or that the authorities of the city are about to so perform the work as to result in an unnecessary injury to the rights of plaintiff. Even where the right on the part of the city to proceed exists, the work must be done in a proper and reasonable manner. If not so done, and injury and damage to an abutting property owner, such as would not otherwise have occurred, results therefrom, the city may be held liable for the damages thus sustained. *Cotes v. Davenport,* 9 Iowa, 227; *McGregor v. Boyle,* 34 Iowa, 268.

Now, it is not pretended that the grades as established

by the ordinance of the defendant city are inherently unreasonable or otherwise improper. And there is no suggestion of any conflict therein. True, the record presents more or less of controversy between engineers in respect of the proper physical level to be attained at the intersection of State and Oak streets. We do not see how such can be material, however, to any question involved in the issues before us, especially as the record is barren of any evidence, positive in character, from which it can be said that the level to which it is proposed to excavate State street is not in substantial conformity with the level prescribed therefor in the grade ordinance. So, too, it is not pretended that the city is about to employ any improper methods to accomplish the work of excavation. As we have already said, plaintiff alleges nothing more than that the performance of the work will result in destruction of the trees, and the theory of his action seems to be that considerations of public policy in respect of the growth and preservation of trees should move a court of equity to interfere and enjoin the street improvement. It is sufficient to say that the dominant right in and to the street and every portion thereof is in the public, represented by the city. And as the city is acting within the power conferred upon it by law, and as the work does not threaten an unnecessary injury to the property of appellant, we cannot admit of any right in a court of equity to interfere.

We conclude that the trial court did not err in denying the relief demanded by plaintiff, and the judgment is *affirmed.*