FRANCES E. KEMP, KITTIE M. CHAMBERLAIN, W. R. MARQUIS, Appellees, v. THE CITY OF DES MOINES, and THE BOARD OF PUBLIC WORKS, Appellants.

**Sidewalks:** ADJUDICATION. The dismissal of an action brought by an adjoining lot owner against his neighbors and the city to compel the building of walks at a particular grade, is not an adjudication of the right to enjoin the city from removing walks constructed on the natural grade surface, and from lowering such grade.

**Improvement of streets:** JUDICIAL POWER. Courts can not interfere
2   with the plans of a city for the improvement of its streets by grad-
ing or otherwise, but have power to protect the property owner
from any unnecessary and unreasonable injury to his property
caused thereby.

*Appeal from Polk District Court.*— Hon. James A. Howe,
Judge.

Tuesday, November 22, 1904.

Action in equity to enjoin the defendant city and its
officers from removing a sidewalk and from lowering the
grade upon which such walk is constructed.   Decree for
plaintiffs, and defendants appeal.— *Reversed.*

*W. H. Bremner, M. H. Cohen, and R. B. Alberson,*
for appellants.

*J. K. Macomber, W. C. Marquis, and L. C. Chamber-
lain,* for appellees.

Weaver, J.— The plaintiffs are the owners of resi-
dence property fronting upon East Walnut street, between
East Seventeenth and East Eighteenth streets, in the city
of Des Moines, Iowa.   According to the city's plan for the
improvement of this street, a strip twenty feet wide between
the lot line and the traveled roadway is reserved for park-
ing purposes.   Along the front of the plaintiff's premises,
and about midway of the parking, is a row of shade trees
of considerable size and value to said premises.   These
trees were planted some twenty or thirty years ago upon
the natural or ungraded surface of the ground.   To bring
the sidewalk to the grade of the street will necessitate a cut
along the front of plaintiff's lots, varying from one inch to
twenty-four inches, and to grade the entire surface of the
parking to correspond with the walk thus reduced will re-
quire, it is claimed, the uprooting of the trees.   In the year

1897, one or more of the plaintiffs being about to construct a sidewalk upon the natural grade or surface of the ground in front of their lots, one Finney, the owner of adjacent property, brought an action against plaintiffs and the city to enjoin such construction and to compel the laying of the walk at grade. The city appeared to said proceeding, and upon a hearing before the court the petition was dismissed. Thereafter the plaintiffs constructed walks substantially upon the natural grade. The walks, or most of them, were made of brick, and remained undisturbed until about the time of the commencement of this action, October 24, 1899. Without attempting to set out the pleadings, it is sufficient to say that the plaintiffs insist that the judgment in the former litigation has the effect of an adjudication of their right to maintain the walk at the present grade, and, in the event that this point be not sustained, that the proposed grading and destruction of the trees is an unreasonable and arbitrary exercise of power to the great and irreparable injury of their property.

I.    It will scarcely need argument to make it clear that the plea of former adjudication cannot be sustained. The law gave the plaintiff in the former suit no right of action to compel his neighbors to build their sidewalks at any particular grade, and he was equally without right to maintain suit against the city to compel it to grade or otherwise improve the street. The right to determine what streets will be brought to grade, and when and how the work shall be done, and the right to permit the building or retention of temporary sidewalks, is vested in the city alone, and the courts will not interfere with the exercise of its discretion save in cases where it clearly appears that the act complained of is unreasonable and oppressive. Moreover, the authority given to the city in this respect is legislative in character, and the city cannot surrender it or barter it away; nor can it be controlled, within its prescribed limits, by the judgments or decrees

1. ADJUDICATION.

of the judicial department of the government.  .The dismis-
sal of the bill in the former suit has in this principle its
sufficient justification, and the present plaintiffs cannot avail
themselves of that finding as an adjudication establishing
their right to keep the street in front of their lots in the
same condition for all times to come or until their trees have
become extinct.   See *Gallaher v. Jefferson,* 125 Iowa, 324.

II.   We have, then, to ask whether the proposed im-
provement of the grade at the place in controversy is so
manifestly unreasonable, or so unnecessarily destructive of
the plaintiff's property, that the court should
2. IMPROVEMENT
OF STREETS: ju- enjoin the execution of the plan.   As shown
dicial power.
in our preliminary statement of facts, the trees
are of considerable size, and undoubtedly add to the value,
beauty, and comfort of the homes of the plaintiffs.   They
stand near the middle of a parking twenty feet in width.
It is not claimed that placing the sidewalk at the established
grade will seriously injure the lots, but it is claimed that,
unless the parking be also lowered, the sidewalk will occupy
a narrow channel or ditch having a tendency to fill with snow
in winter and surface water and mud in summer, and that
to bring the parking down to grade will ruin the trees, and
that this is a sufficient cause for calling into action the equity
powers of the court.   It is not an easy undertaking to lay
down any hard and fast rule as to the exact circumstances
or combination of circumstances under which the court will
restrain a city from the execution of a proposed plan of
public improvement.   The State having intrusted such work
to the municipal authorities, the court cannot impose upon
them its own ideas of utility, taste, or beauty.   It is often
the case that persons in municipal authority find beauty in
dead uniformity, and bend all their energies to reproduce
in their streets the monotony of a checker-board, squaring
the angles, plowing down the slopes, filling up the valleys,
leaving a portion of the population perched on inaccessible
heights and others plunged in yawning depths; and if in

doing this work the letter of the law has been fairly observed there is no relief for the property owner who thinks himself injured, except such as he may derive from expressing his opinion upon the subject. It remains true, however, that the lot owner has a property interest in the shade trees standing in the street in front of his lot, and, if they are so located as not to be an obstruction to the proper use of the roadway or sidewalk, the city may not arbitrarily destroy or remove them. If, however, the city duly adopts a plan for the improvement of the street by grading or otherwise, and the execution of such plan necessarily requires the destruction of the trees, their removal in the prosecution of such work affords no cause of action to the lot owner. To the person who has planted trees, cared for them, protected them against violence, and has seen them grow and develop into things of beauty, until he comes to regard them with genuine affection, this conclusion is, no doubt, an unwelcome one. But the court must administer the law as it finds it, and the rule as we have stated it is well settled. *Gallaher v. Jefferson, supra; Brewster v. Davenport,* 51 Iowa, 427; *Miller v. Webster City,* 94 Iowa, 162; *Dewey v. Des Moines,* 101 Iowa, 416; and cases cited in 27 Am. & Eng. Enc. L. (2d Ed.) 123. The court is not permitted to consider whether the determination of the city to grade any particular street is reasonable or unreasonable, but it does have power to say that the city must take reasonable care to do the work so ordered in a manner to avoid unnecessary injury to private property. It follows that the decree of the trial court, so far as it prohibits the city from bringing the walk and parking to grade, cannot be sustained.

We are not convinced, however, that the grading may not be accomplished with reasonable completeness and the trees preserved. Indeed, the record does not seem to make it entirely clear that the city authorities intended to destroy them. It is a matter of quite common observation that grading no deeper than is here proposed is frequently ac-

complished without serious injury to trees growing upon the natural surface. It is inevitable, of course, that more or less of the roots lying near the surface will be severed, but with reasonable care to disturb no more of them than is necessary, and to leave enough earth about the crown to protect it while nature repairs the loss by sending down new roots and strengthening those left uninjured, there is at least a fair prospect that plaintiffs' fears for the preservation of their trees will not be realized. We are inclined, therefore, in reversing the decree appealed from, to remand the cause to the district court, with directions to enter a decree in harmony with this opinion, embracing therein such specific directions or orders as may be found reasonable and necessary to preserve from destruction the trees described in the petition, if such preservation be found practicable.— *Reversed.*