C. M. BROWN, Appellee, v. CITY OF SIGOURNEY, IOWA, Appellant.

**Municipal corporations:** STREET GRADE: ESTABLISHMENT: DAMAGES. The only method of establishing the grades of city streets is by an ordinance for that purpose, it cannot be done by the mere act of the city officials in lowering or raising the grade; and until a grade has been established by ordinance the city is liable to adjacent property owners for injury resulting from a change of the surface of the street.

*Appeal from Keokuk District Court.*—HON. K. E. WILLCOCKSON, Judge.

THURSDAY, FEBRUARY 19, 1914.

APPEAL by defendant from judgment granting mandatory injunction requiring the defendant to remove obstructions to the flow of surface water from plaintiff's lot.—*Affirmed.*

*W. C. Gambell,* for appellant.

*F. L. Goeldner,* for appellee.

WITHROW, J.—Plaintiff is the owner of lot 1 in block 1 of Hogan's addition to Sigourney, which is a city of the second class. His lot is bounded on the north by South street, on the east by Crocker street, and on the south by Valley street. The natural slope of his lot is to the northeast, that corner of the lot being many feet lower than the south part. It appears in the evidence that up to the time complained of by plaintiff there had been maintained a culvert across South street which afforded drainage and outlet for the water which flowed upon plaintiff's lot from a tract to the south, and from Valley street and Crocker street. It also appears that in the spring of 1910 and subsequently the city of Sigourney, by its street commissioners and laborers, raised the surface of South street, removed the old culvert, and at or near where it had been placed a tile culvert, which, however, was higher than the one which was replaced, and which elevation, together with the added height to the street, prevented the flow of surface water from the north side of plaintiff's lot, thus causing it to accumulate, and prevented its cultivation and use.

The foregoing statement of the facts is the substance of plaintiff's complaint, upon which he bases his right to recover damages and a claim for a mandatory injunction directing the city of Sigourney to remove from its street the obstruction to the free flow of water from plaintiff's premises. The cause was tried to the court. No damages were allowed, but mandatory injunction was granted as prayed. From such the defendant appeals.

The facts as shown by the record sustain the conclusions reached in the first division of this opinion. From the argument of appellant, we find that its reliance is upon the proposition that the city is not compelled to afford drainage for the

plaintiff's lot while the same is below grade, and does not seriously dispute the findings of fact upon which the trial court must have based its judgment and order.

· The statement of appellant's position, which is made in different ways, in the end resolves itself into the proposition given above, and which includes in it the averment that the' lot is below grade. This latter, however, is not a question of disputed fact in this case, but one of law. It is clear that, prior to raising the surface of South street and placing the tile culvert across it, and some work on Crocker street which tended to increase the flow of water on to plaintiff's lot, there had been no interference with the natural drainage of the surface water from plaintiff's lot.

So far as the record shows there is no established grade for the streets of the city of Sigourney. Such cannot be done by action of the city through its officers in changing the physical height of the street, either by lowering or raising, but only by means of an ordinance. *Caldwell v. Nashua,* 122 Iowa, 179, and cases cited. When the grade is so established, streets may be changed in their height to conform to it without creating liability for resulting damages. But, until a grade is so established, a city may not make changes in the surface of the street resulting in damages to adjacent property owners without being liable for the same. *Trustees v. Anamosa,* 76 Iowa, 538; *Caldwell v. Nashua, supra.*

This proceeding clearly comes within the rule of the cited cases. None of the cases referred to by appellant state a different rule. Many of them but state the recognized right to recover damages resulting from a change of grade, having no reference to conditions caused by a change of surface where there is no established grade.

The judgment of the trial court was right, and it is *Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.