PAUL E. TILLOTSON et ux., appellees, v. WINDSOR HEIGHTS, appellant.

No. 49260.

(Reported in 87 N.W.2d 21)

DECEMBER 17, 1957.

REHEARING DENIED FEBRUARY 14, 1958.

Warren C. Fletcher, of Des Moines, and John Fletcher, of Mapleton, for appellant.

Gibson, Stewart & Garrett and Harry Watts, all of Des Moines, for appellees.

SMITH, J.—Defendant assures us the facts are not in dispute. Apparently the same is not true of the applicable law, though the same authority (defendant) after referring us (by erroneous citations) to four decisions, lays the matter in our collective lap with the comforting assertion: "There could be a long array of cases cited here in support of our contention, but since we find no authorities to the contrary since Code section 389.22 was placed in its present form we do not believe further argument to be necessary."

Unfortunately we are not advised when or how the cited Code section was in any materially different form from its present, or for that matter how it ever, from its appearance in the Code of 1873, was applicable to a case in which the city (or town) had never established a grade for the street in question.

It provides, and so far as we can determine, always substantially provided: "When any city or town shall have established the grade of any street or alley, and any person shall have made improvements on the same, or lots abutting thereon, according to the established grade thereof, and such grade shall thereafter be altered in such a manner as to damage, injure, or diminish the value of such property so improved, said city or town shall pay to the owner of such property, the amount of such damage or injury." Clearly it is not pertinent or involved here.

Plaintiffs' premises in defendant-municipality border on Sixty-fourth Street upon which no grade had ever been established as authorized by section 389.20, Iowa Code, 1954. An examination of that Code section and its statutory ancestors, section 782, Code of 1897, and section 465, Code of 1873, reveals a rather striking continuity or persistence of characteristics.

It provides simply that municipalities "shall have power to establish grades and provide for the grading of any street * * * the expense thereof to be paid from the general or grading fund, or from the highway or poll taxes * * * or partly from each * * *."

In August 1954 defendant lowered Sixty-fourth Street alongside plaintiffs' premises approximately three feet, thereby rendering useless their driveway by which they had access to the street. There is no contention the work was done carelessly. The damage was the natural result of the carrying out of the project. But there was no preceding exercise of the delegated legislative power of establishing a grade.

Plaintiffs brought this action to recover for the obviously resulting damage and depreciation in value of their property. Defendant, by motion to dismiss (first sustained but on second thought denied), questioned plaintiffs' right to recover upon the stated facts we have sketched.

After answer and upon motion for adjudication of law points (rule 105, R. C. P.) the trial court ruled: 1. The change of street level without prior establishment of a grade gives right of action for resulting damage. 2. A cause of action arises when the city (or town) changes the street level in such manner as to block lot owner's ingress and egress to and from his premises. 3. The right of such ingress and egress is a private property right. 4. The interference therewith gives a right to recover resulting damage.

The case was tried to the court under this ruling as the law of the case and defendant now appeals from the resulting judgment.

I. The sovereign power to establish and have dominion over streets, etc., within the municipality's corporate limits is of course delegated by the Code, sections 389.1 and 389.20.

The delegation clothes the city (or town) with sovereign

immunity from liability if the power to change the physical level be preceded by a proper legislative determination by ordinance establishing the intended grade. If not so preceded the city is without authority and liable for resulting interference with the lot owner's special interest in the street. Blanden v. City of Fort Dodge, 102 Iowa 441, 444, 71 N.W. 411, 412.

The "establishment" of a grade means the adoption of a standard level of a street and is not to be confused with the physical process or act of placing the street at the level established. It is legislative in character and must be accomplished by ordinance. Kemp v. City of Des Moines, 125 Iowa 640, 644, 101 N.W. 474; Kepple v. City of Keokuk, 61 Iowa 653, 656, 17 N.W. 140.

"The city must exercise its power in the manner prescribed by the statutes, and when a street is cut down without so doing" (i.e., without prior establishment of grade) "it is liable for the injury, if any, resulting to the abutting property owners." Blanden v. City of Fort Dodge, supra, citing Trustees of Diocese of Iowa v. City of Anamosa, 76 Iowa 538, 41 N.W. 313, 2 L. R. A. 606. See also Wilbur v. City of Fort Dodge, 120 Iowa 555, 95 N.W. 186; Brown v. City of Sigourney, 164 Iowa 184, 145 N.W. 478; Millard v. Webster City, 113 Iowa 220, 84 N.W. 1044.

"It is well settled * * * that the city is liable for any damages * * * to an abutting property owner by cutting down the street in front of his premises, except for the purpose of bringing the street to an established grade." Markham v. City of Anamosa, 122 Iowa 689, 690, 98 N.W. 493, 494.

II. Defendant's error here is in assuming plaintiffs' recovery is sought under Code section 389.22. That statute seems to have originated in 1872 as chapter 40, Acts of the Fourteenth General Assembly. Its purpose is aptly stated in Farmer v. City of Cedar Rapids, 116 Iowa 322, 324, 89 N.W. 1105, quoting from an earlier case: " 'It was the intention * * * to distinguish between those cases where the owner had built or made improvements according to the established grade, and where he had not. If the owner had done no act upon the faith of the continuance of the grade as established, there would seem to be no great impropriety in denying him any possible damages consequent upon the change.' "

The opinion in Trustees of the Diocese of Iowa v. City of Anamosa, supra, does say at page 541 of 76 Iowa, page 314 of 41 N.W.: "Prior to this statute, cities were not liable for injuries resulting from establishing or changing the grade of their streets * * * in the exercise of its authority as prescribed by law. Creal v. City of Keokuk, 4 G. Greene 47."

The statement is inaccurate to the extent it implies liability under that statute is the only kind of liability the municipality may incur. But the other Code section, 389.20, gives the power to "establish" grades. So long as the city or town makes physical change in the street only after first establishing the grade desired to be attained, it is immune from liability except there has been some earlier *established* grade according to which the property owner has improved his premises. When that situation develops, Code section 389.22 may furnish him a right of action if the physical change is such as to "damage, injure, or diminish the value of such property."

It follows the municipality is protected so long as it acts as a delegate of state sovereignty in establishing a grade. And the property owner is not protected in improving his premises except such improvement be made in reliance upon or according to an already established grade.

Of course in any event no liability attaches to it by the mere "establishment" of grade. The mere passage of the ordinance gives no right of action. Hemstead v. City of Des Moines, 63 Iowa 36, 18 N.W. 676.

III. The trial court properly held the right of ingress and egress is a private property right. The measure of damages is the resulting depreciation in value of the premises caused by the change in street level. The fact that it destroys the property owner's access to his premises from the street helps to cause the depreciation in value. As said in Liddick v. City of Council Bluffs, 232 Iowa 197, 219, 5 N.W.2d 361, 373:

"It is uniformly recognized that an owner of property abutting on a street has every right in the street that any member of the public has, and in addition, by reason of his location, certain special rights, to wit, the right of ingress and egress, and the right to light, air, and view", followed by citation and

quotation from 3 Dillon, Municipal Corporations, Fifth Ed., section 1123. See 64 C. J. S., Municipal Corporations, section 1703.

The subject requires no elaboration here as the loss of access does not create the right of action but is an element to consider in appraising the damage when it is determined a right to recover exists.

We are convinced the decision of the trial court was right. It should be and is affirmed.—Affirmed.

All JUSTICES concur.