HEMPSTEAD v. THE CITY OF DES MOINES.

1. **Cities and Towns:** CHANGE OF GRADE OF STREET: ACTION BY PROPERTY-OWNER: ACTION NOT DIVISIBLE: FORMER ADJUDICATION. Where the defendant city had established the grade of a street, and plaintiff had made improvements upon her abutting lot to conform to such established grade, and afterwards the city passed an ordinance to change such established grade, and did actually change the grade from curb to curb, and afterwards cut down the side-walk to the last established grade, without at any time causing the damages to plaintiff, occasioned by such changes of grade, to be appraised and paid, *held, First,* that, under section 469 of the Code, plaintiff had a right of action against the city to recover such damages; *Second,* that such right of action arose, not upon the passage of the ordinance to change the grade, but upon the actual change of the grade; *Third,* that the right of action for cutting down the street and side-walk was one and indivisible; and, *Fourth,* that plaintiff, having in a former action recovered of the city for cutting down the street from curb to curb, cannot now maintain this action for damages for cutting down the side-walk, as these damages were incidental to, and essentially connected with, the subject matter of the prior suit, and must be held to have been adjudicated therein.

*Appeal From Polk Circuit Court.*

WEDNESDAY, MARCH 19.

In 1857, certain lots in the city of Des Moines were owned by one Dr. A. Shaw, who, in 1874, conveyed them to Charles H. Hempstead, and he owned them up to the time of his death in 1879, when they became the property of the plaintiff. In the year 1857, the city council of the city of Des Moines, by ordinance, established the grade of Walnut street, and improvements were made upon said lots with reference to said grade. In the year 1876, the city council, by ordinance, changed the grade of said street, by lowering it about six feet where the street abuts upon the lots in question. After the grade was changed by ordinance as stated, the city, without having the damage resulting to said property by said change of grade appraised and paid, cut down the portion of said street in front of said lots lying between the curb lines, to the grade

as established in 1876. After the central part of the street was cut down, the city, under its ordinance requiring property holders to reduce their side-walks to grade, notified Charles H. Hempstead to lower the side-walk in front of his said lots to grade within fifteen days, and that, if he failed, the city would lower it at his expense. Upon the service of this notice, the said Hempstead filed his petition in the Polk circuit court, in which he prayed that the city be enjoined from cutting down said side-walk. The ground of the prayer was that the established grade of 1857 had been changed, and the city had not caused the damages to be appraised and paid. This injunction was granted in 1877, after the central part of the street had been cut down to grade. In November, 1877, Charles H. Hempstead brought his action at law for damages occasioned to his property by reason of the established grade of Walnut street, and the cutting down of the central portion of said street in front of his property, and, on the 31st day of January, 1879, he recovered damages in the sum of two thousand dollars. In 1881, after said judgment was satisfied, the city cut down the side-walk aforesaid to the grade of the street. In February, 1882, the plaintiff, having become the owner of the lots, filed her petition, claiming of the city five thousand dollars as damages on account of the cutting down of said side-walk. The defendant answered, setting up the former suit by Charles H. Hempstead against the city as a full and final adjudication, and that plaintiff is thereby estopped and barred. The case was tried to a jury, and a judgment was rendered in favor of plaintiff for $765. The defendant appeals.

*Williamson & Kavanaugh*, for appellant.

*Nourse & Kauffman*, for appellee.

ROTHROCK, CH. J. I.—The appellant claims that all the plaintiff's damages were, or at least should have been, com-

**1. CITIES and towns: change of grade of street: action by property owner.** pensated in the former action, and that the judgment in that action is a bar to any further recovery. The position of the appellant is, that the plaintiff's cause of action arose upon the passage of the ordinance changing the grade of the street, and that an action could then have been brought to recover all the damages which would follow from bringing the street to the established grade. This position of appellant is not tenable. Section 469 of the Code in substance provides that, when any city or town shall have established the grade of any street or alley, and any person shall have made improvements on such street or alley according to the established grade, and such city or town shall alter the established grade in such a manner as to injure or diminish the value of said property, said city or town shall pay to the owner of said property the amount of such damage or injury, which shall be assessed by three appraisers, and no such alteration of grade shall be made until the damages assessed are paid or tendered. It is evident that the words, "*shall alter said established grade,*" occurring in the former part of this section, refer to the passage of the ordinance changing the grade, and the words, "*no such alteration of grade shall be made,*" occurring subsequently in the section, refer to the physical act of bringing the street to the established grade. The passage of an ordinance altering the established grade is a preliminary step, which must precede every other act. It precedes the assessment of damages by the appraisers, for, until the changed grade is established by ordinance, the appraisers would have no data from which to assess damages. That the mere passage of an ordinance changing the grade gives no right of action, is apparent from the fact that the statute provides for appraisers to assess the damages, and further provides that "*no such alteration of grade shall be made,*" that is, no physical change in the grade shall be made, until the damages assessed are paid. If, then, the statute is complied with, no right of action will ever arise, for the damages will be paid before any injury is inflicted.

.The statute further provides that "the city council, or town trustees, shall have power in their discretion to confirm or annul the appraisement, and, if annulled, all the proceedings shall become void." It is clear that this gives the city an option to pay the appraisement, or to annul it and abandon the change. But the city would be deprived of this option, if, upon the passage of an ordinance, an action could be brought to recover damages which would arise from giving the changes effect. It is clear to us that the *gravamen* of the original action was not the passage of the ordinance, but the damages which had arisen from the physicial changes which were made in the street at the time of the commencement of the action, and such damages as necessarily arose therefrom, or were inseparably connected with the lowering of the street from curb to curb.

II. The defendant claims that the action of Charles H. Hempstead was indivisible; that he was entitled to recover

2. ——: ——: the entire damages to the property by reason of
——: action
indivisible: the alteration of the entire surface of the street,
former ad-
judication. and that, therefore, the former action is a complete bar to any further recovery. It will be observed that, at the time the former action was commenced, the street had been cut down to the newly established grade from curb to curb. The excavation at the corner of plaintiff's lots, at the intersection of Walnut and Tenth streets, was about six feet. This change in the surface of Walnut street made a corresponding change necessary in Tenth street, at the point of intersection. It also required the plaintiff's sidewalk to be lowered to correspond with the change made in the surface of the street. Either such a change must follow, or travel from Tenth to Walnut street must cease. If Tenth street should be lowered at the point of intersection, plaintiff's sidewalk must either be lowered, or access to it from the intersection must be by means of a stairway six feet in height. It is not possible that such a state of things could have been contemplated. In our opinion, the change in the surface of Walnut

street to the new grade, and the change of the sidewalk to correspond thereto, were parts of the same act, and that the damages thereto were indivisible, and were all recoverable in one action, although the work was not completed when the former action was brought. In other words, that a lot owner cannot have one action for the physicial change made in the street from curb to curb, and another action for lowering the sidewalk to correspond with the change made in the other part of the street. Before the former action was brought, the city notified Charles H. Hempstead to lower the sidewalk to grade, and neither in the former action nor in the injunction suit did the city disclaim the purpose to require the sidewalk to be brought to grade.

We do not think the injunction restraining the city from lowering the sidewalk was any restraint upon the plaintiff in recovering damages for the change of the surface of the street. Both the injunction and the former action to recover damages were, in our opinion, an attempt to divide an entire cause of action which was not divisible. In Freeman on Judgments, section 249, it is said: "An adjudication is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have had decided, as incident to, or essentially connected with, the subject matter of the litigation." It appears to us to be very plain that the lowering of the sidewalk, to correspond with the change made in the surface of the street, was essentially connected therewith, and that it is not the subject of a separate action. The court should have instructed the jury that the former recovery was a bar to this action.

REVERSED.