E. J. RESSEGIEU v. THE CITY OF SIOUX CITY, Appellant.

**Damages:** CHANGE OF GRADE.  Under Code, section 469, which pro-
vides that where a city has established the grade of a street,
and any person has made improvements thereon, and the city
alters such grade to the injury of such property, the city shall
respond in damages, the owner of a house built on the estab-
lished grade, which was subsequently changed by the city, can
recover for injury, though the final grade is on a line with the
then natural surface of the street.

*Appeal from Woodbury District Court.*—HON. SCOTT M.
LADD, Judge.

FRIDAY, MAY 17, 1895.

Action to recover damages by reason of a change
in the grade of a street.  Judgment for plaintiff.
Defendant appeals.—*Affirmed.*

*A. H. Burton,* city attorney, and *Kennedy & Ken-
nedy* for appellant.

*John N. Weaver* for appellee.

Kinne, J.—I.  This cause was tried to the court
upon the following agreed statement of facts, a jury
being waived:  "That the plaintiff is and was the owner
in fee simple of all that portion of lots 10, 11, and 12 in
block 43 in Sioux City proper as stated in plaintiff's
petition; that on the 16th day of June, 1882, the defend-
ant, the city of Sioux City, by its council, passed an
ordinance which, among other things, established a
grade upon West Third street, in front of plaintiff's
said property; that said grade so established was from
four to five feet higher than the then surface of said

street along and in front of plaintiff's property; that in the year 1884 plaintiff built a large brick building on said lots, fronting and abutting on said West Third street, and built said building to conform to the grade line as established by said ordinance of June, 1882; that the defendant thereafter, and on or about the 23d day of July, 1890, by its city council, passed an ordinance changing the grade line of said street to conform to the surface of the ground, the surface then being about one foot higher than when said building was erected, said one foot raise having been made in 1886, thus lowering the grade line of said street from three to five feet; that at the time of the passage of the ordinance in 1882, establishing grade on said West Third street, the surface of the ground on said street was from four to five feet lower than the grade line established by said ordinance, and one foot lower than the grade line established in 1890; and that the defendant never actually graded or changed the physical surface of said street after the passage of said ordinance of 1882, except that the same was raised one foot in 1886, and the surface of said street was never altered or changed to conform to said 1882 grade; and that the defendant has never made any physical change in the surface of said street in front of plaintiff's property, except as above stated, but left the surface of the same as it was at the time of the passage of the ordinance in 1890; and that the passage of the ordinance of 1890, upon which plaintiff relies as a basis for this action, simply changed the grade line of said street so as to conform the grade line to the surface of the street as it then was; that, immediately after the passage of the ordinance of 1890, defendant proceeded to and did improve said West Third street, by paving, curbing, and guttering the same on said grade so last established, and has ever since so maintained said improve-

ments upon said street, and the same now stands as the permanent grade of said street, in front of plaintiff's said property. If, on the above facts, record, and pleadings herein, the plaintiff would be entitled to recover, it is conceded and agreed that he shall recover the sum of two thousand dollars. It is further conceded that there has been no assessment or payment of damages."

II. Our statute provides that "when any city or town shall have established the grade of any street or alley, and any person shall have built or made improvements on such street or alley according to the established grade thereof, and such city or town shall alter said established grade in such a manner as to injure or diminish the value of said property, said city or town shall pay to the owner or owners of said property so injured the amount of such damage or injury." Code, section 469. Further provisions are made touching the assessment of such damages which are not material to the question presented for our determination. The contention of the city in this case is that, although plaintiff erected his building in conformity to the established grade, yet, as he could not compel the city to so change the surface of the street as to make it conform to the grade it had established, and as it is claimed that the city simply passed an ordinance changing the grade, and did not in fact make any physical change in the grade, therefore plaintiff cannot recover. We do not think this contention can be sustained. A grade was "established," within the meaning of the law, by the passing of the ordinance of June 16, 1882. As was said in *Kepple v. City of Keokuk*, 61 Iowa, 656: "We think the establishment of a grade means the passing of an ordinance, or other legislative action of the council of the city, prescribing and fixing grade lines to which the surface shall be brought when

the streets shall be improved." Now, it is conceded that such a grade was established, and that plaintiff erected his building in conformity thereto. In 1890 the city council passed an ordinance changing the grade line of the street in front of plaintiff's building. They so changed the grade as to establish it on a line with the then surface of the street, which it is conceded was one foot higher than when the building was erected, thus lowering the grade from three to five feet. It thus appears that the surface of the street in 1882, at the time of the passing of the ordinance, was from four to five feet lower than the grade line established by said ordinance, and one foot lower than the grade line established in 1890. Plaintiff had a right to erect his building in conformity to the grade established in 1882. He had a right to assume that, when the street was permanently improved, it would be on the line of the grade the city had thus established. Cases are cited holding that the mere passage of an ordinance changing the grade, without more, is not an alteration of an established grade, within the meaning of the statute; that it contemplates a physical change. These cases mean no more than this: That, if a grade be once established, and a lot owner erects a building in conformity with such grade, and thereafter an ordinance is passed changing the grade, but no act of the city is done thereunder, no work done to bring the street to the grade last established, then the mere passage of the ordinance gives the lot owner no right of action. In this case, however, the facts are that not only was an ordinance passed changing the grade, but, in pursuance of it, the city undertook to and did permanently improve the street in accordance with the grade last established. Now, if appellant's contention is correct, no one could recover for damages caused by the change of grade if the grade

was finally fixed on a line with the surface of the street, and the street thus permanently improved. If, however, the final grade was six inches above or six inches below the surface of the street, and the street was permanently improved upon said grade line, that would be a physical change, which would warrant recovery by one who had improved his property on the faith of a prior established grade. We discover no reason for such a distinction. This street was paved and permanently improved on the grade line last established. Plaintiff built, as he had a right to, relying upon the city's bringing the street up to the grade theretofore established when it should pave the street. It did not do so. It changed the grade, and improved the street in accordance therewith; and his right of recovery is not affected by the fact that the final grade and improvement of the street was on a line with the natural surface of the street, rather than above or below it. In either event, it would be a physical change, within the contemplation of the law. To conform to the last grade and the permanent improvement of the street, it is evident he would be compelled to make such a change in his improvements as would entail expense by reason of the city's action. Had the city, when it conformed the street to the grade, done so on the lines originally established, and on the faith of which plaintiff erected his building, such change and expense would not be necessary. We think the case made is fully covered by the statute, and, as it is conceded that the damages have not been assessed or paid, plaintiff is entitled to recover. The judgment below is *affirmed*.