H. R. BUSER, Appellant, v. CITY OF CEDAR RAPIDS.

**Raising Grade a Second Time:** DAMAGES. The grade of a street was raised a part of the height fixed by the ordinance ·and a settlement made for damages to plaintiffs abutting property. Ten years later the street was filled in to the height fixed by the ordinance. No proceedings were taken under Code 1873, section 469, to have appraisers appointed after the passage of the ordinance to fix the damages. *Held*, that plaintiff was entitled to recover damages for the second raise of the grade.

*Same.* Where a street was raised a part of the height fixed by ·ordinance, and damages therefor allowed, and ten years thereafter raised to the full height fixed in an action for damages for the second change, a defense that the payment of damages after the first change was in full of all injury is not tenable, in the absence of a showing that the property owner sued for all damages, and defendant took issue· only as' to the amount claimed. . ·

LIMITATION OF ACTIONS. Where the grade of a street' having been raised under an ordinance, an action for damages therefor is ·brought, the fact that dirt was hauled in to fill low places before such general change of grade is not a foundation· 'on which to set up .limitations as a defense.

**Appeal:** *Objection below.* A point made for the first time on appeal will not be considered.

*Appeal from Linn District Court.*—HON. W. G. THOMPSON, Judge.

FRIDAY, OCTOBER 4, 1901.

ACTION to recover damages for injury· caused to real estate by a change of grade in the streets upon which said property abuts. The case was taken from the jury on defendant's motion, and a judgment rendered in its favor for costs. Plaintiff appeals.—*Reversed.*

*Clark & Clark* for appellant.

*John N. Hughes* and *Jamison & Smyth* for appellee.

WATERMAN, J.—The controlling facts are not in dispute. Plaintiff's premises are at the intersection of Fourth avenue and Sixth street. They were improved by a former owner in part by the erection of a dwelling thereon about the year 1870. These improvements were made with reference to a then existing grade. In September, 1886, an ordinance was adopted by defendant city, raising the grade of said streets some 3 feet. In pursuance of said ordinance filling was done, and the surface of both streets raised from 1 to 1½ feet. A settlement was then made by the city for damages to this property; it paying the amount of $750 to the then owner, a grantor of plaintiff. In the year 1896 the city did further filling in both of these streets, raising their surfaces from 18 inches to 2 feet, and thus bringing the levels to the grade fixed by the ordinance mentioned. It is for this last work the damages are claimed in this action.

Appellee's position is that damages · for a change of grade are indivisible, that they must all be recovered for in one action, and that, when a claim was made and damages paid for injury done under the ordinance of 1886, such settlement covered all claims resulting from a completion of the work therein provided for. It is doubtless true that for a single change in the surface of a street the damages are indivisible. So, too, if, after the passage of this ordinance, the city had proceeded under section 469, Code 1873, to have appraisers appointed and damages to the property assessed, the property owner would at once have had a right of action for all injury that might be occasioned by bringing the streets to the level fixed by the ordinance. *Conklin v. City of Keokuk,* 73 Iowa, 343. But in that case it will be noticed the action was not begun by the property owner. The city proceeded under the statute mentioned, and the case came into court through an appeal from the award of damages by the appraisers. There is a manifest distinction between the cases where the property owner sues before he is injured, and where the city determines in advance that it will carry

out the work outlined in the ordinance and asks to have the prospective damages appraised.   In the case at bar the surface of the streets was first raised to only about one-half the height prescribed by the ordinance, and that level was maintained for a period of 10 years.   No appraisers were appointed, and no damages assessed, so as to fix the determination of the city council, as expressed in the last cited case, "that it would make the physical change necessary to conform it [the street] to the grade." This court has held that the mere adoption of an ordinance changing a grade gives no right of action to a property owner.. *Hempstead v. City of Des Moines,* 63 Iowa, 36; *Stritesky v. City of Cedar Rapids,* 98 Iowa, 373; *Ressegieu v. City of Sioux City,* 94 Iowa, 543.   The reason for this rule is that the passage of the ordinance causes no injury, and the city may never attempt to carry it out by actually changing the level of the street.   It seems to us that the right of action in cases like this must be based, not on the threat or menace contained in the ordinance, but upon the work done and the actual injury occasioned thereby.   If no right to damages exists because of the paper change of grade, then none exists on any other account than for an injury done by work performed.   If the municipality, acting under an ordinance, does work in raising the surface of a street, and brings it to a level, much within the limits prescribed, and then ceases operations, as was done here, for such a length of time as to make it appear the work was completed, a right of action exists for the injury occasioned by what was done, but for nothing more. Our position finds further support in the cases of *Noyes v. Town of Mason City,* 53 Iowa, 418; *Phillips v. City of Council Bluffs,* 63 Iowa, 576.   This is not a case of splitting the damages claimed for a single injury, but rather of a second claim made for a new and additional injury.   It may be said that under the doctrine announced, if the city were slow in carrying out the plan prescribed in the ordinance, working only at intervals, it might be subjected to several

actions for the same continuous piece of work. This may
be so, where the periods of rest are of sufficient length to
reasonably indicate that no more work is to be done; but
the total damage awarded could not exceed compensation for
the injury occasioned. Besides, this is a hardship easily
avoided by the municipality. If the law is complied with,
and damages appraised as provided by statute, there would
be no chance for a recovery in installments.

II. It is asserted by defendant that appellant's prop-
erty was not originally improved with reference to a
then existing grade. This is a new point, first made
in this court, and for this reason will not be further
noticed.

III., It is further urged in defense that the payment to
plaintiff's grantor was in full of all injury to his property
under the ordinance. Had it been shown that the owner
sued for all damages accruing to his property from
a full compliance with the ordinance, and that de-
fendant took issue only on the amount claimed,
doubtless a recovery by the owner would bar another action;
but that condition of affairs is not only not pleaded here, but
there is no evidence tending to sustain it.

IV. The statute of limitations is set up and relied
upon by defendant. The facts upon which this plea is sup-
posed to rest are to be found in the testimony of
plaintiff. He says: "After 1889 the city kept haul-
ing in dirt to fill the low places (in the streets). This
action was begun in September, 1898. The suit is not
brought because of the filling of low places in the street,
which might well be done without changing the grade.
Plaintiff testifies that the grade was raised by general filling
in the year 1896. In this he is not contradicted. It is for
this change of grade, and not for filling holes in the street,
that the present action is brought. We discover no founda-
tion in the facts for this plea.

For the reasons given, we think the case should have
gone to the jury. The judgment of the district court is
therefore REVERSED.