NELLIE STEVENS, Appellee, v. CITY OF CEDAR RAPIDS, Appellant.

**Change of street grade:** DAMAGES. The erection of a building " according to the grade " of a street on which the lot abuts, as provided in Code, section 785, does not contemplate any invariable elevation above or below such grade; and one whose buildings are constructed with respect to a convenient use of the street may recover damages for a change in the grade.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

FRIDAY, MAY 5, 1905.

ACTION for damages on account of change of grade in street abutting upon lots owned by the plaintiff. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*J. N. Hughes,* for appellant.

*Warren Harman* and *J. M. Redmond,* for appellee.

WEAVER, J.— There is little or no dispute concerning the material facts in this case. In the year 1874 the defendant city adopted and established a grade for the street known as " Eighth Avenue." Thereafter, in the year 1883 or 1884, the plaintiff, or her grantor, being the owner of a lot fronting on said street, improved the same by erecting thereon a dwelling house and outbuildings. In the year 1886 the city council adopted an ordinance changing and raising the established grade of Eighth avenue in front of plaintiff's lot from 12 to 17 inches above the grade as fixed by the ordinance of 1874. No attempt was made by the city to improve said

street until the year 1903, when for the first time it was brought to grade, after which this action was instituted to recover the alleged resulting damages to plaintiff's property. Upon the trial the evidence disclosed that the top of the foundation of the plaintiff's house and outbuildings were several inches below the street grade as established by the ordinance of 1874, and from this circumstance the appellant insists that the said improvements were not made with any reference to such grade, and the owner is not within the protection of the statute (Code, section 785). That statute provides that when improvements have been made on a lot according to the established grade of the street upon which it abuts, and "such grade is thereafter changed in such manner as to damage, injure or diminish the value of such property, the city shall pay the owner the amount of such damage or injury." The point made by the appellant raises the question whether buildings placed upon a foundation which is below the grade of the street can be said to have been erected "according to such grade" within the meaning of the statute. We think it quite clear that the improvement of a lot "according to the grade" of the adjacent street does not require that the foundations of buildings erected thereon shall be exactly at grade, or at any invariable elevation above or below it. The topography of the lands through which the street is laid, with its varying slopes, elevations, and depressions, renders it practically impossible to adopt or enforce any unvarying rule, even if such uniformity were otherwise desirable. Moreover, we cannot reasonably suppose the legislature intended to permit lot owners to exercise their individual tastes and preferences in these matters only at the risk of having the value of their property destroyed by an arbitrary change of the street grade without any redress against the city. Indeed, this court distinctly held otherwise in *Conklin v. Keokuk,* 73 Iowa, 343, a case which appellant cites in support of its contention. In that case the natural surface of the lot in question was much above

the established grade.    The owner, instead of cutting down his lot to conform to the grade, built a retaining wall to protect the street front, and constructed a flight of stairs from the street to the lot above, and there erected his house. Later the city reduced the grade of the street several feet below the line previously established.    In defense to an action for damages thus occasioned, the city insisted, as is done in this case, that plaintiff's improvements had not been made according to the street grade.    To this contention we replied: " The statute should be liberally construed with the view of giving effect to the legislative intent. . . . We agree with counsel that to entitle a party to relief under the statute it is not essential that his buildings should have been erected on the level of the street, for it would often be impracticable to build upon that level. . . . We think property is improved according to the established grade, within the meaning of the statute, whenever it is so improved that it can be comfortably and conveniently used for the purpose to which it is devoted while the street upon which it abuts is maintained at that grade."    If this be the law where the owner improves his lot above the grade, there is no good reason for refusing to apply the same rule where the improvements are below the grade.    The trial court correctly instructed the jury in harmony with the views we have here expressed, and the assignment of error thereon cannot be sustained.

Objection is also made to certain rulings of the court in the admission of testimony and to certain instructions given to the jury.    Without attempting to discuss them in detail, we have to say we have examined each point made, and find no prejudicial error in the record.    The judgment of the district court is therefore *affirmed.*