Sarah York, Appellee, *v.* The City of Cedar Rapids, Appellant.

**Municipal corporations:** streets: change of grade: damages. A property owner who has once improved his property with respect to an established grade does not waive his right to damages, on account of a subsequent change in grade, by voluntarily conforming his property thereto prior to the time the street is so improved, but after the street has been made to conform to the new grade he may sue to recover his damage.

*Appeal from Linn District Court.*— Hon. J. H. Preston, Judge.

Friday, June 9, 1905.

Rehearing denied Friday, April 27, 1906.

Action to recover damages to abutting property caused by a change in street grade. There is no controversy as to the facts. Plaintiff owns property abutting on Tenth street, in the defendant city. In the year 1875 the defendant city, by ordinance duly passed, established a grade for said street, and in the year 1878 plaintiff improved her property to correspond with the grade so established. In the year 1886 the defendant city, by ordinance duly passed, changed the grade of said Tenth street by raising the level thereof about three feet above that of the level of the grade as formerly established. In the year 1888 plaintiff voluntarily filled her lot, and raised her buildings, and otherwise improved her property to correspond to the new grade; the expense thereof, as agreed upon, being the sum of $200. In the year 1903 the defendant city proceeded to, and did, raise

the surface of the street to the level of the new grade, and
permanently improved said street by paving, etc.   It is
agreed that the damages, if any, which plaintiff has sus-
tained, is the sum of $200 expended by her as above stated.
Trial was had to the court, a jury being waived, and there
was judgment in favor of plaintiff.   The defendant city ap-
peals.— *Affirmed.*

*Hughes & Sutherland,* for appellant.

*Crissman & Sargent,* for appellee.

BISHOP, J.— It is the statute that when any city shall
have established a street grade, and an abutting owner im-
proves his property in accordance therewith, and such grade
shall thereafter be altered in such manner as to damage, in-
jure, or diminish the value of such abutting property, the
city shall pay to the owner the amount of the damage thus
sustained.   Code, section 785.

Accepting the statute as having force according to the
terms thereof, the question presented by counsel for appel-
lant is this: " Can a property owner who improves his prop-
erty in accordance with an established grade, and who there-
after voluntarily changes his improvements to conform to a
newly established ordinance or paper grade, before the city
does any act to conform the physical surface of the street
to the latter grade, recover damages when the city does
finally bring the street to the latter grade? "   The court
below gave answer in the affirmative to such question, and,
as we think, rightly so.   It is true, as contended for by coun-
sel for appellant, that the mere passage of an ordinance pro-
viding for a change in the grade of a street is not of itself
sufficient to give rise to an immediate cause of action on
the part of an abutting property owner.   We have so held
repeatedly.   *Hempstead v. Des Moines,* 63 Iowa, 36;
*Stritesky v. Cedar Rapids,* 98 Iowa, 373; *Buser v. Cedar*

*Rapids,* 115 Iowa, 685. And in the case last cited it was said, " The reason for this rule is that the passage of the ordinance causes no injury, and the city may never attempt to carry it out by actually changing the level of the street." The theory of counsel seems to be, however, that the question of injury and damage must be determined solely from the view point of the conditions actually existing at the time the physical change in the street is made to occur; and it is the argument that if a property owner, acting upon his own motion, has so graded or otherwise treated his property as that when the street improvement comes to be made the same is not productive of any immediate injury or damage — that is, injury and damage based solely upon the conditions then existing and present — there can be no recovery.

With this contention and argument we find ourselves unable to agree. In the first place, and as applied to the instant case, we must presume that the city authorities, in adopting the ordinance providing for a change in grade, acted with full knowledge of the conditions then existing; and they must be held to have anticipated that property owners along the line of the street would take notice of the ordinance provisions, and in making future improvements, would conform to the grade as thereby established. In effect, therefore, the fixing by ordinance of a grade level for the street was at once an invitation and a warning to all property owners to make their improvements to correspond with such grade. More than this, the ordinance, when taken in connection with the provisions of the statute, had the further effect to give positive assurance that, when the surface of the street should be actually changed to conform to the new grade level, all damages to abutting property proximately caused thereby would be paid by the city. Now, manifestly enough, the assurance thus given could not, at the will of a property owner, be extended to cover damage resulting from injury to his property on account of improvements made subsequently and in disregard of the new grade.

Thus in *Farmer v. Cedar Rapids,* 116 Iowa, 322, it appeared that Farmer, a lot owner, improved his property, having reference solely to an original grade which corresponded with the natural surface; and all this notwithstanding the level of a new grade as established for the street, was between two and three feet above the natural surface. When, thereafter, the city raised the street to the new grade level, Farmer brought suit to recover damages occasioned to his property thereby, and a recovery was denied. In the course of the opinion it is said that the fixing of the new grade was an assertion on the part of the city that the street improvements, when made, would be in accordance with the level designated thereby, and, further, that " the statute simply awards damages sustained by .any who have acted in reliance on this assurance, and, because of the city's subsequently changed plans, been injured."

Nor, on the other hand, does it stand to reason that an abutting property owner, who has acted in faith of the ordinance, should be held remediless, at least to recover the amount of the expense reasonably incurred in bringing his property from the level of the old to that of the new grade; and that is all that is involved in the instant case. Of course, a right to bring suit for recovery does not accrue, as we have seen, until the ordinance shall be followed by a physical change in the street surface; but, in our view, there can be no good reason for saying that the damage sustained by this plaintiff by the change of grade is not as much of a reality as though she had waited until after the grading of the street, and then had gone to the same amount of expense in bringing her property to grade. The city was not injuriously affected in the least by what she did, and no consideration moved to its exoneration.

The situation presents no element of waiver or estoppel. The plaintiff simply accepted of and acted upon the, promise that, when the city should bring the street to grade, it would pay her at least the expense of bringing her lot up

to such grade. If it suited her convenience to proceed at once to the work of grading, and, in doing so, she chose to take the chance of a failure to grade the street, and therefore the chance of a right to recovery from the city, there is no principle upon which the city can be heard to say that the chance so taken by her operated to relieve it of all liability in the premises, past, present, and future. The case of *Ressegieu v. Sioux City,* 94 Iowa, 543, cited and relied upon by counsel for appellant, does not support the contention made by them. While somewhat dissimilar in its facts, we think the case, in principle, fairly gives support to the conclusion reached by us in the instant case.

It follows from what we have said that there was no error in the judgment, and it is *affirmed.*