C. S. Meardon, Appellant, v. Iowa City, Iowa, Appellee.

**Municipal corporations:** CHANGE IN STREET GRADE: DAMAGES: INSTRUCTIONS. The benefits resulting to abutting property from a change of the street grade are to be considered in connection with the disadvantages resulting from the change in determining the damages to the property.

**Same:** An instruction to the effect that abutting property is improved according to an established grade when it is so improved that it can be comfortably used for the purpose to which it is devoted, while the street is maintained at that grade, and that where improvements are made subsequent to the establishment of a permanent street grade, to authorize recovery of damages for a change in the grade the improvement must have been made according to the established grade, was correct.

**Evidence:** WHEN NOT CONCLUSIVE. The mere fact that plaintiff, alone, testified in support of the material allegations put in issue by the answer will not entitle him to have his evidence treated as conclusive on the issues.

**Change in grade:** DAMAGES: INSTRUCTION. A change of street grade is an actual physical change in the surface of the street, and where an established grade is changed after property has been improved with respect thereto without injuring the value of the property the city is not liable for such change; and where a city commences the work of changing the grade, but ceases operations for such length of time as to make it appear that the work is completed, the owner of abutting property can only recover for such injury as was occasioned by the work that had been done.

*Appeal from Johnson District Court.*—HON. R. P. HOWELL, Judge.

THURSDAY, JUNE 16, 1910.

ACTION for damages resulting to plaintiff's property because of change of the established grade of the city. Trial to a jury. Verdict and judgment for defendant. Plaintiff appeals.—*Affirmed.*

*Wade, Dutcher & Davis,* for appellant.

*H. G. Walker,* for appellee.

EVANS, J.—The plaintiff owns and occupies a residence property on Summit Street in the defendant city. The plaintiff purchased the property with dwelling house thereon in the year 1904. A permanent grade had been established by ordinance in the year 1903; but the dwelling house upon plaintiff's property had been built some years prior to such date. Plaintiff testified as follows: "A. Subsequent to the time I bought that property, I put improvements on it. I made connections with the sewer and water, put in a furnace, terraced my lot, did some shingling and painting and general fixing up, making the house modern, put in plumbing, hot water, dug out the cellar and installed the furnace, built a bathroom and fitted it up, and made a brick drive. When I made these improvements, I thought I had a permanent grade. A permanent walk had just been laid the fall before, about nine months previous. There was no change made in this grade until July or August of 1908. At that time the drive part of the street was lowered something like a foot or better." After these improvements were made, and in the summer of 1908, an ordinance was enacted changing the grade of such street

about one foot. The immediate circumstances attending this change of grade, as claimed on behalf of defendant, were that it was about to pave such street, and that the change of grade as made was necessary for the purpose of drainage. The street was sixty feet in width. Fifteen feet on each side of the street were devoted to parking, and only thirty feet were reserved for the purpose of a roadway. Although the ordinance in terms applied to the street in its full width, the physical changes were confined to the thirty feet of roadway. · In the physical change actually made, there was no interference with the parking nor with the curbing thereon, nor with the sidewalk, and no such change is contemplated. The plaintiff's property abuts upon no alley, and access to his property by a team or vehicle is had by a driveway extending from the street proper across the parking and the sidewalk over plaintiff's ground. The particular injury of which complaint is made by plaintiff in his evidence is that the lowering of the grade of the street proper has rendered the driveway more difficult of access.

Thirteen alleged errors are assigned for our consideration. Many of these are so related to each other that we will consider them together, rather than separately. Appellant's principal complaints center about instructions five, six and seven, as given by the court.

I. Instruction number five is as follows: "(5) Now, the first question for you to determine in this case is whether or not the plaintiff has been damaged. If you have found that he has been damaged, then you are instructed that the measure of his damages is the difference in the value of the property as it was just before the change of grade and as it was just after as affected by the change. If, because of benefits resulting to the property from the change, it is rendered as valuable or more so than before,

1. MUNICIPAL CORPORATIONS: change in street grade: damages: instructions.

there is no damage. You may consider resulting benefits, if any, and the improvement of the street as contemplated by the ordinance changing the grade." It is challenged by appellant because it permitted the jury to consider benefits resulting to the property from the change of grade. It is also argued that its effect was to permit the jury to consider benefits to result from the paving of the street. We do not think the instruction is capable of this latter construction. That benefits resulting from the change of grade are to be considered by the jury in connection with the disadvantages resulting therefrom is the settled rule in this state. *McCash v. Burlington,* 72 Iowa, 27; *Stewart v. City of Council Bluffs,* 84 Iowa, 61. The instruction as given is in strict accord with our previous holdings.

II.    Instruction number six as given by the court was as follows: "(6) You are instructed, however, that, if improvements were not made on plaintiff's property subse-

2. SAME.    quent to the establishment by the defendant city of a permanent grade on Burlington Street in front of the property, plaintiff could not recover in this action, and you are instructed that, if improvements were made on plaintiff's property subsequent to the establishment by the defendant city of a permanent grade on Burlington Street in front of plaintiff's property, unless you should find that such improvements were made according to such established grade, that plaintiff could not recover. You are instructed that property is improved according to an established grade whenever it is so improved that it can be comfortably and conveniently used for the purpose to which it is devoted while the street upon which it abuts is maintained at the grade so established." A somewhat general complaint is made of this instruction to the effect "that it does not properly state the rule of law applicable to such cases." The argument is directed more particularly against the last sentence thereof. Suffi-

cient to say that this is a substantial copy of the language used by this court in previous opinions. *Richardson v. Sioux City,* 136 Iowa, 436; *Stevens v. Cedar Rapids,* 128 Iowa, 227; *Conklin v. City of Keokuk,* 73 Iowa, 343.

It is also urged that by this instruction the court submitted to the jury questions which were not in controversy. It is said in argument that "plaintiff is the only person to testify on this subject, and the defendant offered no evidence to contradict it, and the same must therefore be accepted as conclusive." We can not accede to this contention. This evidence of the plaintiff was given in support of certain allegations of his petition. These allegations were denied generally and specifically in the answer. They related to matters which were peculiarly within the knowledge of the plaintiff himself. It is true that the defendant offered no evidence in contradiction of the testimony of the plaintiff. This fact, however, did not relieve plaintiff of the burden of proof; nor did it entitle him to have his evidence regarded as conclusive. If the facts had been admitted or conceded on the trial, a different situation would arise, and this is all that is held in the cases cited by appellant. *Garvick v. Railroad Co.,* 124 Iowa, 691; *Williams v. Railroad Co.,* 121 Iowa, 270. It is doubtless true, also, that the evidence on both sides may be so concurrent as to certain facts that the trial court should deem them as established. But in such cases it would be difficult to lay a strict line, and some latitude must be allowed to the trial court. All we hold now is that, where material allegations of the petition are put in issue by the answer, the mere fact that plaintiff alone testifies in support of the same does not, as a matter of law, entitle the plaintiff to have his evidence deemed conclusive.

III. Complaint is also made of the seventh instruction, which was as follows: "(7) You are further in-

*3. EVIDENCE: when not conclusive.*

structed that if you find that improvements were made on

4. CHANGE IN GRADE: damages: instruction.

plaintiff's property subsequent to the establishment of a permanent grade on Burlington Street in front of plaintiff's property, and that such improvements were made according to the established grade, but do not find such grade was thereafter altered by the defendant city in such manner as to damage, injure, or diminish the value of the property in controversy, then your verdict will be for the defendant. You are instructed that by change or alteration of the grade of a street is meant actual physical change in the surface of the street, and no claim for damages exists on any other account that for an injury done by work actually performed. You are further instructed that, if defendant city did work in altering the grade in front of plaintiff's property and then ceased operations for such length of time as to make it appear that the work is completed, plaintiff would only be entitled to recover, if at all, for the injury, if any, occasioned by what was done, but for nothing more." It is sufficient to say that this instruction also is a substantial copy from our previous opinions, and it is justified by our previous holdings at every point. *Buser v. Cedar Rapids,* 115 Iowa, 683; *York v. Cedar Rapids,* 130 Iowa, 453; *Foley v. Cedar Rapids,* 133 Iowa, 64; *Farmer v. Cedar Rapids,* 116 Iowa, 322.

IV.   Appellant complains also of certain rulings made by the court in the introduction of evidence. Some of these complaints are fully covered by what we have already said, and we will not enter into further discussion of them.

We have carefully examined all of the alleged errors assigned and argued and find none of them to be well taken.

The judgment of the trial court must therefore be *affirmed.*