## DAMAGES FOR CHANGE OF GRADE.

Common Pleas Court of Cuyahoga County.

THE CITY OF CLEVELAND v. THE CLEVELAND STONE COMPANY ET AL.

Decided, June 12, 1912.

*Change of Grade—Right to Damages Vests, When—And Passes to Grantor Who Has Suffered the Diminished Value—Construction of Section 3823.*

The right of an abutting owner to compensation on account of a change of grade vests not later than the time when the work of changing the grade has so far progressed as to materially obstruct and interfere with access to the property; and in the absence of an agreement to the contrary the right to receive such compensation remains in such owner, and does not pass to a grantee to whom the property was transferred subsequent to such vesting.

*Newton T. Baker*, for plaintiff.

*Squire, Sanders & Dempsey, T. C. Willard* and *Smith, Taft & Arter*, contra.

LAWRENCE, J.

This is an application by the city of Cleveland to assess damages by reason of the change of the grade of Clark avenue, pur-

suant to an ordinance passed by the council of said city on the 14th day of August, 1905, and, the amount of said damages being admitted and a jury being waived, the case is submitted to the court to determine who is entitled to the same.

This ordinance provided that all claims for damages caused by said improvement should be adjusted after the completion of the same.

At the time of the passage of said ordinance F. M. Stearns, who has since died, was the owner of the premises in question having a frontage of 170 feet on Clark avenue, but on the 27th day of August, 1906, he conveyed the same to the Cleveland Stone Company by warranty deed, containing no reservation of any claim for damages by reason of the change of grade or any mention of the proceedings for such purpose. At and prior to the time of such conveyance the Cleveland Stone Company was in possession of said premises as lessee from said Stearns; and it is admitted that said company, as such lessee, is entitled to damages in the sum of $1,500 out of the total damages agreed upon; so that the controversy here has reference only to the remainder of such damages, and the question is whether the same belongs to the Cleveland Stone Company or to the estate of Mr. Stearns, or whether the amount should be divided between them.

On the 3d day of March, 1906, Mr. Stearns, the then owner, filed with the city clerk a claim for damages by reason of the change of grade in said street, and on the 10th day of March, 1906, the Cleveland Stone Company filed with the city clerk its claim for damages as such lessee.

On May 28th, 1906, the city of Cleveland, through the contractor for said improvement, commenced the work of changing the grade of Clark avenue. The total quantity of excavation required to be done in the making of said improvement amounted to 33,200 cubic yards, of which 12,676 yards had been done prior to August 27, 1906, when the deed by Stearns to the Cleveland Stone Company was executed and delivered. Subsequently the entire work continued to be done and was completed.

I am not able to state the exact amount of excavation which had been done immediately in front of these premises prior to

August 27, 1906. The city, however, through the contractor, had taken possession of the entire portion of the street to be improved, and had commenced the work of grading in front of said premises. It is stated in the answer of the Cleveland Stone Company that on said date the excavation at the west end of said premises was three or four feet in depth, gradually sloping up towards the east end of said premises, and I assume this to be correct.

It is contended on behalf of the stone company that it is entitled to all of the damages in dispute, by virtue of Section 54 of the Municipal Code (now Section 3823 of the General Code), which provides as follows:

"An owner of a lot, or of land, bounding or abutting upon a proposed improvement, claiming that he may sustain damages by reason of the improvement, within two weeks after the service of the notice or the completion of the publication thereof, shall file a claim in writing with the clerk of the council, setting forth the amount of damages claimed, and with a general description of the property with respect to which it is claimed the injury will accrue. The owner who fails to do so shall be deemed to have waived such damages and shall be barred from filing a claim or receiving damages. This provision shall apply to all damages which will obviously result from the improvement, but shall not deprive the owner of his right to recover damages arising, without his fault, from the acts of the corporation, or its agents. If, subsequent to the filing of such claim, the owner sells the property, or any part thereof, the assignee shall have the same right to damages which the owner would have had without the transfer."

This section, however, does not create any right to damages, but its purpose is to limit the enforcement of such right to those who file their claims for damages within the time specified. All who do not do so are deemed to have waived damages. Under the decisions of the courts in this state the right to damages for change of grade exists independently of any statutory provisions; and indeed the earlier decisions, which established what is known as the Ohio doctrine on this subject, were made before there were any statutes relative to such damages. There being

now no statute respecting damages for the change of grade of county roads, the Supreme Court, in *Smith* v. *Commissioners,* 50 O. S., 628, held that an action at law could be maintained against the board of county commissioners to recover such damages, basing the holding upon the general doctrine declared in *Crawford* v. *Delaware,* 7 O. S., 471.

In my opinion, the provision at the end of said section, to the effect "that, if subsequent to the filing of such claim, the owner sells the property, or any part thereof, the assignee shall have the same right to damages which the owner would have had without the transfer," operates to protect the assignee from being barred of any claim which he may have acquired from the conveyance of the property to him, and if his grantor has filed a claim for damages, this inures to his benefit in case he is entitled to damages; but the statute does not, and in my opinion could not, take from the previous owner any right to damages which had become vested in him previous to the conveyance.

The question then is, when does the right to damages from a change of grade become vested? In the case of property actually taken or appropriated for public use, under the power of eminent domain, there is no room for controversy, as the damages in such case belong to the owner of the property at the time the appropriator entered into possession thereof, or at the time judgment is rendered in an appropriation proceedings, provided possession is taken within the time limited by law in such case.

In *Wadhams* v. *Railroad,* 42 Pa. St., 303, at 310, the court say:

"It is one injury, and when the railroad has been located, the land has been taken and appropriated for public use, the right of the land owner to sue for his damages is complete, and he may recover all which may be caused by the location and by the location and the subsequent construction. He can have but one action. The damages can not be severed."

The case of property damaged by a public improvement is not precisely the same as the case of property taken for public use, but it seems to me that essentially the same rule would apply respecting the vesting of the right to compensation, as far as it can be worked out in a particular case.

I have found no decisions in Ohio which are directly in point on the question here involved as to the case of a change of grade, but there are a number of cases arising under the statutes or constitutions of other states which may be considered, provided we bear in mind the statutory or constitutional provision under which the case arose.

Where a limitation is prescribed dating from the time the change is "effected" or completed, it has been held generally that the limitation begins to run when the work is fully completed.

The majority of the cases hold that the mere passage of an ordinance providing for a change in the grade of a street is not of itself sufficient to give rise to an immediate cause of action.

The constitution of Pennsylvania requires compensation to be made for property taken, injured or destroyed for public use.

In *Cass* v. *Pennsylvania Company*, 159 Pa. St., 273, it was held that the right of action of a property owner on the street is complete not later than the time when the work (of changing grade) has progressed to such an extent as to obstruct ingress and egress to and from the property to the street.

In *Hawley* v. *Pittsburg*, 204 Pa. St., 428, the court say:

"The rule established by our decisions is, that it is the physical change, and not the mere establishment of a grade on the official plans, that gives a right of action, and that no damages are recoverable for a change of grade until the actual work on the ground is begun."

The same holding is made in *Devlin* v. *Philadelphia*, 206 Pa. St., 518.

There are many authorities to the effect that a change of grade is presumably permanent in character, and that a lot owner whose property is injured thereby can not split his cause of action, but must recover all damages, past and prospective, in one action.

Section 785 of the Iowa code is as follows:

"When any city or town shall have established the grade of any street or alley, and any person shall have made improve-

ments on the same or lots abutting thereon, according to the established grade thereof, and such grade shall thereafter be altered in such manner as to damage, injure or diminish the value of such property so improved, said city or town shall pay to the owner of such property the amount of such damage or injury.''

In *Hempstead* v. *Moines,* 63 Iowa, 36, it was held that the cause of action arose upon the actual change of the grade, and, it appearing that the city had actually changed the grade from curb to curb, but had not cut down the sidewalk, it was further held that the right of action for cutting down the street and sidewalk was one and indivisible; and that the property owner, having in a former action recovered of the city for cutting down the street from curb to curb, could not maintain another action for damages for cutting down the sidewalk, as these damages were incidental to and essentially connected with the subject-matter of the prior suit and must be held to have been adjudicated therein.

In *Foley* v. *Cedar Rapids,* 133 Iowa, 64, the court say that surely the plaintiff can not recover damages for each load of dirt hauled in front of his premises, nor for each brick laid in the pavement; and the action being indivisible, it was held that an action for damages caused by a change in the grade of a street is in time if commenced within three months from the date of completion or abandonment of the work—the statute requiring the action to be brought within three months after the cause of action accrued. See also *Lafayette* v. *Nagle,* 113 Ind., 425; *1 Elliott on Roads & Streets* (3d Ed.), Sec. 585.

Under the Ohio statute giving to the city the option of having the damages for a change of grade assessed after the completion of the improvement, a property owner can not maintain an action at law for the recovery of such damages, at least until after the city has unreasonably neglected to file an application for the assessment of damages. This, however, does not show that no right of damages existed, for the right is entirely distinct from the mode and time prescribed for the enforcement of such right.

The cases I have cited relative to changed grade are not altogether consistent, nor are they necessarily controlling here; but

it seems to me that the principle, uniformly recognized, that the damages to be recovered are indivisible, leads to but one conclusion. The person who owned the property at the time the work of changing the grade was commenced and while it was being carried on to such an extent as to materially obstruct and interfere with the access to his property, the work being of a permanent character, certainly sustained substantial injury affecting the value of his property. The right to compensation for such injury was personal to him, and did not pass by the subsequent conveyance of the property. On the other hand, the purchaser while the work was in progress may well be deemed to have purchased in view of the circumstances then existing, and to have obtained the property at a price diminished to the extent of the damages which would be caused by the change of grade when completed. In this view the former owner would also lose all of that diminished value. To deprive him of any part of the damages he had sustained would be to deprive him of property without due process of law, which can not be done.

In my opinion, the estate of Mr. Stearns is entitled to the entire amount of the damages to be awarded, less such portion thereof as belongs to the Cleveland Stone Company as lessee, and this seems to me to be in harmony with the rule which prevails in cases where there has been an actual taking of property for public uses.