BERT VILAS, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY et al., Appellants.

MUNICIPAL CORPORATIONS: Streets, Alleys, Etc.—Change of
1 Grade—Damages—Non-reliance on Ordinance. A property owner may not base a claim for damages for change of grade of a street on a grade ordinance *which he has never in any way relied on.*

PRINCIPLE APPLIED: A property owner, at a time when the city had established no grade of the street, built his building so as to conform to the *natural surface* of the ground. Some time later, the city, by ordinance, established the grade at the *natural surface* of the ground. Still later, the city, by ordinance, changed the grade by materially raising it from the former established grade. *Held* that plaintiff, not having built in reliance on any ordinance establishing a grade, was not entitled to recover damages by reason of the latter ordinance.

MUNICIPAL CORPORATIONS: Streets, Alleys, Etc.—Change of
2 Grade—Damages—When Action Accrues. Principle recognized that the mere passing of an ordinance changing the grade of a street after a property owner has built in reliance on a formerly established grade, gives no right of action to the property owner for damages. Such right of action accrues only *when the city physically carries out the change.*

*Appeal from Boone District Court.*—R. M. WRIGHT, Judge.

MONDAY, MAY 14, 1917.

ACTION for damages consequent on change of grade resulted in judgment against the defendants, from which they appeal.—*Reversed.*

*Hughes, Sutherland & Taylor,* and *J. A. Hull,* for appellants.

*D. F. Baker,* for appellee.

1. MUNICIPAL CORPORATIONS: streets. alleys, etc.: change of grade: damages: non-reliance on ordinance.

LADD, J.—The plaintiff owned the south half of Lots 2 and 3 in Block 6 in Madrid. A brick building was erected thereon, fronting on Water Street, and conforming to the natural surface of the ground. Thereafter, and in 1905, the town council enacted an ordinance establishing the grade of this street at the surface. Thereafter, and in 1913, by another ordinance the town established another grade, several feet higher than the first, and the street was brought up to this grade by the Chicago, M. & St. P. R. Co., in pursuance of an ordinance so authorizing, in putting in an overhead crossing, in which that company undertook to keep the town harmless in the matter of damages. This suit is by the above lot owner to recover damages because of raising the grade, and with reference thereto, the court instructed the jury as follows:

"If you find from a preponderance of the evidence that the buildings and improvements on plaintiff's property. were made in conformity to the natural level and natural grade of Water Street before the same was improved, so as to conserve the convenient use of plaintiff's said property, and you further find from a preponderance of the evidence that the grade of Water Street, as established by Ordinance No. 38, was practically the same as the natural level and natural grade of said Water Street before the same was im-

proved, then, for the purpose of this case, you would be war-
ranted in finding that said improvements were made in con-
formity to said grade established by Ordinance No. 38, and
that the plaintiff had the same vested right in said grade as
he would have had if his improvements had been made after
the passage of Ordinance No. 38 and before the passage of
Ordinance No. 55; and if you so find, and you further find
that thereafter, by Ordinance No. 55, there was established
another grade to the damage of the plaintiff, then he should
recover in this case. If, however, you fail to find the above
and foregoing facts to have been established by a preponder-
ance of the evidence, your verdict should be in favor of the
defendants."

As appellant contends that this and other instructions
of like import are fundamentally wrong, and, under the
facts as recited, there can be no recovery, the cause is sub-
mitted on the pleadings and instructions, without the evi-
dence. It is to be kept in mind that no change in the street
was made until 1913, and that the only improvement on the
lot was made prior to the establishment of the paper grade,
in 1905. This being so, the plaintiff did nothing in reliance
on the latter grade. Had the paper grade of 1913 been es-
tablished in 1905, instead of that then established, there
could have been no recovery, and the very natural inquiry
is, How has plaintiff been injured by this change of paper
grades? It is well established that, where the improve-
ments have been made prior to the establishment of the
grade, and these changed to conform thereto, there cannot
be recovery. *Wilber v. City of Ft. Dodge,*
120 Iowa 555. Nor does the mere passage
of an ordinance providing for a change in
the grade of a street give rise to an
immediate cause of action on the part of an
abutting owner. That accrues only upon the physical bring-

**2. MUNICIPAL CORPORATIONS:** streets, alleys, etc.: change of grade: damages: when action accrues.

ing of the street to grade. *York v. City of Cedar Rapids,* 130 Iowa 453.

The establishment of a grade by ordinance or change of one previously established by ordinance is merely preliminary to the improvement of the street, and no claim for damages may be based thereon. These can only result from the consequential physical grading or change of grades. *Hempstead v. City of Des Moines,* 63 Iowa 36; *Buser v. City of Cedar Rapids,* 115 Iowa 685; *Stritesky v. City of Cedar Rapids,* 98 Iowa 373.

In *Ressegieu v. City of Sioux City,* 94 Iowa 543, the plaintiff had built in conformity to the paper grade. Thereafter, this was lowered by ordinance, and the street improved accordingly. It was held that plaintiff, in erecting his building, had the right to assume "that, when the street was permanently improved, it would be on line with the grade the city had thus established," and that Ressegieu was entitled to damages. In *Farmer v. City of Cedar Rapids,* 116 Iowa 322, the first paper grade was established in 1875, and subsequently, another was established instead, in 1886. The street was brought to the latter grade in 1896. Prior thereto, but after the establishment of the last paper grade, plaintiff, in 1893, improved her lot according to the physical surface of the street, and was held not entitled to damages, the court saying:

"If the lot owner may build in reliance on the street's being brought to grade, he cannot at the time rely on its remaining as it is, notwithstanding the establishment of a grade. Indeed, the fixing of the grade by ordinance is preliminary to the improvement of the street, and is an assertion on the part of the city to lot owners that such improvement will be made according to the line described. The statute simply awards damages sustained by any who have acted in reliance on this assurance, and, because of the city's subsequently changed plans, been injured. The

plaintiff, in what she did, disregarded the grade fixed by the ordinance, but the city improved the street precisely as proposed."

Recovery of damages was denied. Such has been the interpretation of this statute since *Dalzell v. City of Davenport,* 12 Iowa 437, where the court, speaking through Wright, J., said:

"As we construe the law, it was the intention of the legislature to distinguish between those cases where the owner had built or made improvements according to the established grade, and where he had not. If the owner had done no act upon the faith of the continuance of the grade as established, there would seem to be no great impropriety in denying him any possible damages consequent upon the change. When, however, he builds or makes improvements according to the grade, having acted, as he had a right to do, upon the supposition that the grade would remain unchanged, his property is brought within the meaning and terms of the statute."

Indeed, this is the only fair interpretation of which the statute, Section 785 of the Code, is susceptible:

"When any city or town shall have established the grade of any street or alley, and any person shall have made improvements on the same, or lots abutting thereon, according to the established grade thereof, and such grade shall thereafter be altered in such a manner as to damage, injure or diminish the value of such property so improved, said city or town shall pay to the owner of such property the amount of such damage or injury."

To entitle an abutting lot owner to recover under this statute, five elements are essential: (1) A grade must have been established by ordinance; (2) the lot owner must have improved his lot with reference to the grade so established; (3) a new and different grade must have been subsequently established by ordinance; (4) the municipality must have

changed the physical grade to conform to the new paper
grade; and (5), in consequence thereof, the owner's prop-
erty must have been damaged, injured or diminished in
value.   Appellee argues that what is intended by the stat-
ute is that the improvement made be in conformity with the
grade, when established by ordinance, whether constructed
before or afterwards, and that, to construe it otherwise, it
would be necessary to read into the statute the word "there-
after" before "made."   This involves a misconception of
the design in its enactment.   Neither the letter nor the
spirit of the statute permits of the construction as con-
tended.   Prior to its enactment, grades of streets might
be changed *ad libitum* by a municipality, without incurring
liability for damages to abutting owners.   *Creal v. City of
Keokuk*, 4 G. Greene 47; *Russell v. City of Burlington*, 30
Iowa 262; *Kepple v. City of Keokuk*, 61 Iowa 653.

Recovery must be had, if at all, by virtue of the statute
quoted.   Its manifest design is to enable those who have
improved their property abutting on a street in reliance
on the grade established by city or town to recover, when
thereafter such grade is changed, to the injury of such prop-
erty, so that the city or town which has been at fault,
rather than the innocent owner, shall bear the loss.   Surely
the owner could not well "have made improvements
*  *  *  according to the established grade" if none had
been established.   Nor can the establishment of the grade
according to improvements previously made be regarded as
equivalent to erecting the improvement "according to the
grade," which is the substance of appellee's contention.
Nor, in such a case, as that before us, can it be said that
any damage, injury or diminution of value has resulted
from the alteration in the grade by the ordinance of 1913.
Neither the town nor the property owner had made any
physical change subsequent to the enactment of the ordi-
nance in 1905.   All done was the making of a change in

the paper grades. As said, had the ordinance of 1913 been enacted instead of that of 1905, and had the town, at that time, brought the street to grade, it would have been without liability for damages, and, if so, the enactment of the same ordinance in 1913, and bringing the street to grade for the first time, would not create a liability that would not have existed at the earlier date. We are of opinion that the improvement must have been in reliance on the established grade, in existence at the time, in order to render the municipality liable for damages in event of the subsequent alteration of such grade.—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.