H. F. AYER, Appellant, v. CITY OF PERRY, Appellee.

MUNICIPAL CORPORATIONS: Public Improvements—Damages in re Change of Grade. An owner who claims damages to his property consequent on a change of grade *must* establish the fundamental fact that the improvements on his property were, made *with reference to a formerly established grade.* So held where improvements were made with reference to a sidewalk, which was mistakenly presumed by the property owner to be at grade.

*Appeal from Dallas District Court.*—H. S. DUGAN, Judge.

MARCH 7, 1922.

ACTION at law, to recover damages resulting to plaintiff's residence property from the alleged change in the sidewalk and street grade in front thereof. The court below instructed the jury to return a verdict for the defendant, and plaintiff appeals from a judgment entered thereon.—*Affirmed.*

*Harry Wifvat,* for appellant.

*George J. Dugan, Blake Willis,* and *Lyle W. Maley,* for appellee.

STEVENS, C. J.—On or about July, 1899, the council of the defendant city, by resolution, ordered sidewalks constructed upon both sides of Fifth Street, which extends north and south through said city. Appellant is the owner of the south 50 feet of the south one half of Block 10, Miller's Addition to Perry, Iowa, which is located on the west side of Fifth Street, between Paul Street on the north and North Street on the south. A

cement sidewalk in front of appellant's property was con-
structed, as ordered, on or about July, 1899, and the cost thereof
assessed against the same. In 1919, appellee established a street
grade for Fifth Street, and put in a cement curb and gutter in
front of the block on which appellant's property is situated.
The elevation of the top of the curb in front of appellant's
property is from 7 to 10 inches higher than the elevation of the
cement sidewalk. It also appears from the record that a prior
paper grade for Fifth Street was established by the city council
of defendant city by ordinance in 1891. The elevation of the
grade then established was substantially higher than that estab-
lished in 1919.

It is not seriously contended by appellant that the sidewalk
in question was, in fact, constructed upon the grade established
by the council in 1891. Plaintiff purchased the lot in question
in 1917, but the residence situated thereon was constructed
many years prior thereto. The jury might well have found from
the record, had the question been submitted to it, that appel-
lant's residence was built on the lot prior to 1897. Appellant
contends that his property was improved with particular refer-
ence to the sidewalk constructed by the city in 1899, which the
owner supposed was on the established grade, and that it was
damaged by the construction of the cement curb and gutter in
front thereof at the new grade, which places the top of the
curb from 7 to 10 inches higher than the sidewalk. The evi-
dence tends to show that appellant's property is somewhat low,
and that, after the sidewalk was built by the city in 1899, the
then owner thereof caused about 40 or 50 loads of dirt to be
placed thereon. The elevation of the top of the foundation
at the northeast corner of the house is a trifle higher than the
sidewalk, but a few inches lower than the top of the curb. The
general slope of the surface of appellant's lot, as improved, is
toward the rear.

Section 779 of the Code of 1897 confers authority upon
cities and towns to provide for the construction, reconstruction,
or repair of permanent sidewalks upon any street within the
limits thereof, but also provides that the ''construction of per-
manent sidewalks shall not be made until the bed of the same
[street] shall have been graded so that, when completed, such

sidewalks will be at the established grade.'' Although the defendant city had, previous to the adoption of the resolution in pursuance of which the sidewalk in front of appellant's property was constructed, provided by ordinance that the construction of permanent sidewalks must be upon the established grade, the resolution simply ordered the sidewalk constructed, without reference to the established grade. The evidence is conclusive that the sidewalk in front of the block on which appellant's property is situated was constructed at least from one to three feet lower than the established grade. Whatever improvements were placed on appellant's lot by himself or his grantors were manifestly placed there with reference to the elevation of the sidewalk, and not with reference to the paper grade established in 1891.

The principal contention of appellant is that the owner of the lot in question had a right, in improving the same by filling, and by planting trees and shrubbery, and by the construction of cement walks thereon, to connect with the sidewalk in front thereof, to presume that the officers of defendant city had performed their duty, and had placed the sidewalk upon the grade legally established for Fifth Street; so that appellant's claim for damages is not, in fact, based upon a change made by the defendant city in a previously established paper grade, but for damages resulting from the construction of a permanent sidewalk by the city at an arbitrary elevation, and without reference to the then existing established paper grade of Fifth Street,—although it is not so pleaded. So far as the record shows, no protest, based upon the failure of the defendant city to construct the sidewalk on the permanent grade, was made against the assessment by the city council of the cost thereof against appellant's property. Had such objection been made, it may be assumed that the assessment would have been defeated. *Landis v. City of Marion,* 176 Iowa 240; *Shaver v. Turner Imp. Co.,* 155 Iowa 492. But no showing whatever was made by appellant that improvements had been made on his property with reference to a legally established grade. As already stated, the paper grade established in 1891 in front of appellant's property between Paul and North Streets was from one to three feet higher than the new grade, established in 1919. A property

owner is entitled to recover damages, under Section 785 of the Code, only when improvements shall have been made on his property according to an established grade, which has subsequently been altered in such a manner as to damage, injure, or diminish the value of the property so improved. *Vilas v. Chicago, M. & St. P. R. Co.*, 179 Iowa 1244.

Appellant's property was not improved with reference to an established grade. No damage results to property abutting upon a street by the mere establishment of a paper grade, even though it be by the alteration of a prior legally established grade. Damages accrue only upon the physical bringing of the street to grade. *York v. City of Cedar Rapids*, 130 Iowa 453; *Vilas v. Chicago, M. & St. P. R. Co.*, supra. We said, in the latter case:

"To entitle an abutting lot owner to recover under this statute, five elements are essential: (1) A grade must have been established by ordinance; (2) the lot owner must have improved his lot with reference to the grade so established; (3) a new and different grade must have been subsequently established by ordinance; (4) the municipality must have changed the physical grade to conform to the new paper grade; and (5), in consequence thereof, the owner's property must have been damaged, injured, or diminished in value."

We hold, therefore, that plaintiff did not make out a case, and that defendant's motion to direct a verdict in its favor was properly sustained.—*Affirmed.*

WEAVER, PRESTON, and DE GRAFF, JJ., concur.